Austin *v.* Smith.

AUSTIN *versus* SMITH.

By c. 213 of Acts of 1851, it is provided that no action shall be maintained on any demand or claim which has been settled, canceled or discharged by the receipt of any sum of money less than the amount legally due thereon, or for any good or valuable consideration however small.

By the term *settled* in this Act, is meant an intention to *extinguish* the claim, and not a *liquidation* of the amount due.

Where payment of *part* only of an acknowledged debt is made, and no consideration is disclosed for an agreement to forbear to collect the amount *not paid,* an action lies to recover such balance.

ON REPORT, RICE, J., presiding.

ASSUMPSIT. The writ contained two counts, one for money had and received, the other for goods sold, money paid, &c.

The following paper signed by both parties was the evidence of plaintiff's claim:—

"Biddeford, March 12, 1852.

" I have paid twenty-five per cent. on the amount of one hundred and forty-five dollars to Mr. A. Austin, which was the amount of his claim on me, and he has consented to discharge me until I can pay the balance without distressing my family and from costs."

Evidence in favor and against defendant's ability to pay debts was received.

The case was submitted for the decision of the full Court.

*Goodwin,* for defendant, cited c. 213 of Acts of 1851; Chitty on Bills of Exchange, 135; *Ex parte Tootle,* 4 Ves. 372; *Roberts* v. *Peake,* 1 Bar. 323; Chitty on Contracts, 821, and cases cited in note; *Lonsdale* v. *Brown,* 4 Wash. 148.

*Tapley,* for plaintiff.

The law cited on the other side, as to conditional promises, does not apply to this case. The paper introduced by plaintiff was an admission of liability. The consent to *discharge,* until defendant could pay the balance without distressing his family, was *without consideration.* It was a void agreement; defendant promised nothing.

If considered a contract, nothing was to be done but to pay the money. In such cases a declaration on the money counts is sufficient. 2 Greenl. Ev. (assumpsit.)

But the evidence shows an ability to pay.

SHEPLEY, C. J. — By the memorandum subscribed by the parties and bearing date on March 12, 1852, the defendant admits, that he was indebted to the plaintiff to the amount of $145. And the plaintiff admits, that twenty-five per cent. thereof had been paid, " and that he has consented to discharge" the defendant, until he can pay the balance without distressing his family. The word " discharge," *as thus* used, can mean no more than giving a day of payment for the balance, until payment could be so made.

Payment of a part received as payment of the whole of a debt would not by the common law prevent a recovery of

the amount not paid, because there would be no considera-
tion for the discharge of that part. So in this case there is
no consideration disclosed for the agreement to forbear to
collect the amount not paid. The defendant suffered no
.injury by a payment of part of a debt, admitted to have
been justly due. The plaintiff acquired no new rights, and
received only part of what was due him.

It is not contended that the case comes within the provis-
ions of the Act of 1851, c. 213, which declares, that no ac-
tion shall be maintained on any demand or claim "which
has been settled, canceled or discharged by the receipt of
any sum of money less than the amount legally due thereon,
or for any good or valuable consideration however small."
By the word "settled" as thus used was not intended a
liquidation or adjustment of the amount due, but such a
settlement as was intended to extinguish the claim or de-
mand. An agreement not to sue or for delay of payment
is not embraced by the statute or affected by its provisions.

*Defendant defaulted.*