## VAN H. HIGGINS *vs.* HARVEY S. DALE.

### July 8, 1881.

**New Promise by Bankrupt after Composition.**—A composition in bankrupt, fully performed, under section 17, act of congress of June 22, 1874, (18 U. S. St. at Large, *c.* 390, § 17,) amending the bankrupt law, is not a voluntary discharge by act of the creditors; and a new promise by the debtor to pay the residue of the debt above what was paid in the composition is upon sufficient consideration.

Appeal by defendant from a judgment of the district court for Ramsey county, *Brill,* J., presiding.

*Wm. S. Moore,* for appellant.

An executed composition in bankruptcy satisfies, discharges and extinguishes the debt, and leaves it no existence, legal, moral, equitable or otherwise; and such debt will not support a new promise.    18 U. S. St. at Large, *c.* 390, § 17; *Defford* v. *Hewlett,* 49 Md. 51; *In re Bechet,* 12 Nat. Bank Reg. 201; *Wells* v. *Lamprey,* 16 Nat. Bank Reg. 205.

*O'Brien & Wilson,* for respondent.

GILFILLAN, C. J.    Action on an account and two promissory notes. As to the account and one of the notes, no defence is set up; as to the other note, defendant in his answer attempts to show want of consideration.    The facts out of which it grew are stated as follows: The firm of Dale & Moore, of which firm defendant was a member, were, on June 12, 1876, indebted to plaintiff, and on that day filed their voluntary petition in bankruptcy.    In the bankruptcy proceedings, they, pursuant to section 17 of the act of congress of June 22, 1874, (18 U. S. St. at Large, *c.* 390, § 17,) amending the bankrupt law, made to their creditors an offer of composition of their claims and demands, which offer was, at a meeting of the creditors, duly accepted by them, by resolution signed by all the creditors and the debtors. The proceedings were ratified and the composition performed, the debtors paying the amount offered by them, the same being paid and received in full satisfaction of the debts.    Afterwards, this defendant made to plaintiff the note in question for the residue of the original

debt of the bankrupts to plaintiff, that residue constituting the only consideration for the note. On plaintiff's motion, judgment was rendered for him in the court below, on the pleadings, for the amount claimed in his complaint.

It is well settled that a debt which has been entinguished by voluntary act of debtor and creditor, as by accord and satisfaction or composition, will not, but that a debt barred by some positive statute, or discharged by operation of law, will, support a new promise. *Mason* v. *Campbell*, 27 Minn. 54; *In re Merriman's Estate*, 44 Conn. 587. The reason given for the difference in the rule, as applied to the two cases, is that, in the former, the debt having been extinguished by the full, free assent of the creditor, all obligation, legal and moral, is discharged, while an extinction or barring of the debt by act or operation of law, without regard to the will of the creditor, operates only on the legal obligation, leaving the moral obligation unimpaired. An instance of the latter cases is a debt discharged by proceedings in bankruptcy. Such a debt has always been held to sustain a new promise.

A distinction is attempted to be drawn between a discharge by composition in bankruptcy and the usual discharge. So far as the legal obligation is concerned, there is no difference. In either case the debt, as an obligation which the law will recognize and enforce, is extinguished. Whether the discharge by composition discharges the moral obligation, depends on whether its effect is derived from the voluntary assent of the creditor, or from the law. The entire proceeding is regulated by law, is under the control of the court, and has no validity unless confirmed by the court. The law declares its effect when so confirmed. It is a part of bankruptcy proceedings; is one of the modes provided in such proceedings for distributing the assets of the bankrupt, and working his discharge. It has, indeed, one element of assent by the creditor, as he has a right to vote to accept or reject the debtor's offer of composition; but he cannot act for himself alone, and accept or reject the offer, so far as his debt is concerned and as his separate interests may require, independent of the other creditors. The offer is not made to him alone. The power to accept or reject is not left to each creditor as to his one demand. It is

lodged by the law in the body of creditors, the requisite number of whom voting to accept or reject, all the others are bound. The composition thus effected differs wholly in nature and effect from a voluntary composition deed which binds only those who execute it, and for the reason that a release or discharge of the debt by such a composition is not the voluntary act of the creditor, but takes effect by act or operation of law. A surety for the debt is not thereby discharged. *Ex parte Jacobs,* L. R. 10 Ch. App. 211; *Megrath* v. *Gray,* L. R. 9 C. P. 216; *Ellis* v. *Wilmot,* L. R. 10 Ex. 10; *Simpson* v. *Henning,* L. R. 10 Q. B. 406; *Guild* v. *Butler,* 122 Mass. 498. See, also, *In re Merriman's Estate,* 44 Conn. 587.

The original debt thus discharged in this case was a sufficient consideration for the note in question.

Judgment affirmed.