# CHARLESTON

## Lilly *v.* Cox.

Submitted March 6, 1906.   Decided March 19, 1907.

1. JUDGMENT—*Enforcement in Equity—Application of Payment.*

    In a suit to enforce a judgment lien against real estate, and the defendant in his answer denies "that he owes anything to the plaintiff on the alleged judgment, or in any other manner, and avers that said judgment has long since been settled and should be released and marked satisfied," and on reference to a commissioner it is ascertained that after the judgment was rendered the defendant under contract with the plaintiff did certain hauling of lumber for him which he agreed should be applied on the judgment and it was found that the hauling amounted to more than sufficient to pay and satisfy the judgment. Equity has jurisdiction to enforce the application thereof to the satisfying of the judgment. (p. 548.)

(POFFENBARGER, JUDGE, Absent.)

Appeal from Circuit Court, Summers County.

Bill by T. H. Lilly against James M. Cox and others. Decree for defendants, and plaintiff appeals.

*Affirmed.*

T. G. MANN, for appellant.

T. N. READ, for appellees.

McWhorter, Judge:

On the 17th day of August, 1896, James M. Cox confessed judgment before a justice of the peace for $250 in favor of T. H. Lilly. An abstract thereof was docketed on the judgment lien docket of the county court of Summers county. At the December rules, 1901, T. H. Lilly filed his bill in equity against James M. Cox and others for the purpose of enforcing his said judgment lien against real estate owned in said county by said defendant Cox. The defendant demurred to the bill and filed his answer denying that he owed anything to the plaintiff and averring that said judgment had "long since been settled and should be released and marked satisfied;" and denying the allegations of the bill that he had conveyed parts of his real estate to other persons (who were made parties) for the purpose of hindering, delaying and preventing the plaintiff from collecting any debt or judgment and denied any and all fraud, fraudulent intention or collusion charged in said bill. The defendant James F. Lawson also filed his answer; to which several answers the plaintiff replied generally. The bill was taken for confessed as to the other defendants. The court overruled the demurrer, and referred the cause to a commissioner to report an account showing, "1st: What real estate the defendant J. M. Cox, owns, and by what title he holds the same. 2nd: What real estate the said J. M. Cox, owned at the time the said plaintiffs judgment was docketed on the lien docket in Summers County, West Virginia, and where the same was situated. 3rd: The liens on the real estate of the said J. M. Cox, with their dignity and priority and especially what amount if any is still unpaid from the defendant, J. M. Cox, to the plaintiff on the judgment described in the plaintiff's Bill. 4th: Whether or not the rents, issues and profits of the real estate of the said J. M. Cox, will pay off his debts together with the costs of his suit in a period of five years."

The commissioner made his report that the evidence was conflicting and that he believed it presented a question which ought to be referred to a jury and recommended an issue out of chancery that a jury might ascertain and decide: "1st: Whether there was a contract that the defendant should do the hauling he claims to have done for the

plaintiff, to be credited upon the plaintiffs judgment, and 2nd: To ascertain what amounts the defendant should be credited by, if there was such an agreement, which is respectfully submitted," and reported that the rents would pay the plaintiff's debt in five years. The commissioner made a further report, filed March 5, 1904, wherein he states, "Both Plaintiff and Defendant insisted that your Commissioner should report the cause and pass upon the evidence. And at the January term, 1903, your Commissioner made a report, marked 'Commissioner's Report, No 2,' in which he reported that the evidence sustained the claim of defendant, that he had paid the debt of the plaintiff by hauling and other payments since the date of the plaintiff's judgment, and that he did not owe the plaintiff anything when this suit was brought. Plaintiff was not satisfied with your commissioner's second report and by consent the matter was again referred to your commissioner, with the right to both parties to take additional proof." The commissioner proceeded to take further evidence and after considering all the evidence adduced the commissioner reported that there was nothing due to the plaintiff by the defendant at the date of the bringing of this suit.

It is insisted by counsel for plaintiff that the answer of defendant is not sufficient to set up payment of the judgment. The word "settled" as used in the answer in connection with the words "should be released and marked satisfied" means the payment and satisfaction of the judgment and "such a settlement as was intended to extinguish the claim or demand." See *Austin* v. *Smith*, 39 Me. 203-205; 7 Words & Phrases, 6446-6447.

It is also insisted by appellant that the claim sought to be set up by defendant could not be admitted as set-off to plaintiff's judgment as a matter of law, and cites *Faulconer v. Stinson*, 44 W. Va. 546, where it is held: "A judgment may be set off against a judgment, but a demand not reduced to judgment cannot be set off against a judgment." *Duncan* v. *Bloomstock*, 13 Am. Dec. 729, and other authorities. The contention of the appellant is correct as to a general application of the law of set-off but the authorities cited are not applicable to the case at bar, where there is a distinct agreement on the part of the appellant that the hauling and work done by the defendant,

the appellee, should be applied to the discharge of the judgment. The commissioner in his report finds an agreement to that effect and the evidence is sufficient to sustain his report. In *Kennedy* v. *Davisson*, 46 W. Va. 433, (Syl. pt. 5), it is held: "An agreement to apply on a debt items of set-off uncertain and unascertained in amount does not make them payments, but is only an executory contract to apply them, to be enforced by proper proceeding. Equity has jurisdiction to enforce their application upon a decree of sale of lands."

This is a suit by a judgment creditor to enforce his judgment lien against the lands of the defendant; and, after the judgment had been obtained, under a contract with the creditor the defendant did certain hauling of lumber which, under an express contract with the plaintiff, it was agreed should be applied in satisfaction of the judgment. If a decree should be rendered for the sale of defendant's land, the debt of the defendant against the plaintiff, which the commissioner has found more than sufficient to satisfy the judgment; if the defendant is driven to get a judgment at law before he can have the application of his debt under the agreement, his land would be sold and his injury irreparable. 2 Story's Eq. Jur., section 1435, says: "If there be an express agreement to set off the debts against each other *pro tanto*, there could be no doubt that a Court of Equity would enforce a specific performance of the agreement, although at the common law the party might be remediless." In *Doody* v. *Pierce*, 9 Allen (Mass.) 141, it is held: "If a mortgagor of land performs labor for the mortgagee under an agreement that his wages shall be applied upon the mortgage debt, and earns more than enough to satisfy the same, the debt nevertheless remains undischarged until the actual application of the wages thereupon; and if such application has not been made, and the condition of the mortgage has been broken, the mortgagor may maintain a bill to redeem." This is a case well in point. Why should not a person be at liberty to contract in relation to his judgment as well as any other species of property? In case at bar plaintiff is seeking to sell the defendant's land for a judgment which has been satisfied and paid off by the work of the defendant under a contract and agreement between the parties. Waterman on

Set-Off, section 411, says: "It should be stated in relation to an agreement when relied upon to sustain an equitable set-off, that there need not be shown a distinct agreement, that the one demand should be set off against the other; but that it is sufficient that the credit was given under circumstances which indicate that the parties acted with the understanding that the set-off should be made." Citing *Raleigh* v. *Raleigh*, 35 Ill. 512.

It will be observed that according to the commissioner's report both parties insisted upon the commissioner making the settlement. The commissioner having taken the evidence and made his report thereon and the circuit court having confirmed said report, this Court has many times decided that in such case, where the evidence is conflicting, the appellate court "will not disturb such finding unless it is plainly irreconcilable with any reasonable view of the evidence." *Hall* v. *Hall*, 30 W. Va. 779; *Handy* v. *Scott*, 26 *Id.* 710; *Stewart* v. *Stewart*, 40 *Id.* 65; *Carter* v. *Gill*, 47 *Id.* 504; *Kennerveg Co.* v. *Schilansky*, *Id.* 287.

The defendant makes a cross-assignment of error that the court erred in overruling the demurrer for various reasons given, but it is unnecessary to notice such assignment. The decree of the circuit court will be affirmed.

*Affirmed.*