## FIRST NATIONAL BANK OF BENSON v. PATRICK S. GALLAGHER and Another.[1]

November 29, 1912.

Nos. 17,863—(106).

**Parol agreement to discharge mortgagor — statute of frauds.**

The mortgagor in a mortgage of real property, the mortgage being a mere incident to the debt or obligation secured, may be released and discharged from his personal liability for the payment of the debt by a subsequent parol agreement with the mortgagee founded upon a valuable consideration; and such an agreement is not in violation of the statute of frauds.

**Same — Evidence.**

An agreement in parol to release the mortgagor from his personal liability must be established by clear and convincing evidence, for the effect thereof is to set aside the written contract.

Action in the district court for Swift county to recover $971.79, deficiency after foreclosure of a mortgage. The defense is stated in the opinion. The case was tried before Qvale, J., who directed a verdict in favor of plaintiff for $1,020.84. From an order granting defendants' motion for a new trial, plaintiff appealed. Affirmed.

*E. L. Thornton,* for appellant.

*John I. Davis,* for respondents.

BROWN, J.

On March 1, 1906, defendants, husband and wife, made and delivered to plaintiff their promissory note for the sum of $2,500,

[1] Reported in 138 N. W. 681.

payable in five years, as and for a loan of that sum then made to them by the bank. To secure the payment of the note defendants executed a mortgage upon real property owned by the husband. Default was made in the payment of the debt and the mortgage was duly foreclosed, plaintiff becoming the purchaser at the sale. The amount bid for the property at the sale was $2,500, and there remained then due upon the mortgage, principal and unpaid interest, the sum of $971.79. This action was brought to recover the deficiency. Defendants interposed in defense that on August 15, 1907, long before the mortgage indebtedness became due, the parties entered into a parol agreement by which, for the consideration of $180, then paid to plaintiff in the form of a promissory note executed by defendants, plaintiff agreed to release and discharge defendants from personal liability for the payment of the indebtedness, and to look only to the mortgaged property, which defendants allege was then worth $3,500. In performance of the agreement, defendants then made and delivered to plaintiff their promissory note for the amount stated. On the trial, evidence tending to establish this defense was received over plaintiff's objection, but was subsequently stricken out on motion, and a verdict directed for plaintiff for the amount claimed. Thereafter, on defendants' motion for a new trial, the court concluded that in striking out the evidence error was committed and a new trial was granted. Plaintiff appealed.

It is the contention of plaintiff that the alleged contract or agreement releasing defendants from their personal liability, conceding it to have been entered into as claimed, was void and unenforceable because not in writing; that it was in violation of the statute of frauds, since it modified by parol the terms of the mortgage, required by statute to be and which was in writing. Whether this contention be sound presents the only substantial question on this appeal.

1. It is no doubt elementary that a contract, required by the statute of frauds to be in writing and executed in a particular manner, can only be changed or modified subsequent to its execution by a writing of equal solemnity duly signed and executed by the parties, except perhaps in cases where the doctrine of equitable estoppel applies. But the rule has no application to the facts in the case at

bar. The effect of the agreement here involved was to discharge the personal liability of the mortgagors and was not a modification of the terms of the mortgage. In the case of a mortgage securing the payment of a promissory note, or other specified indebtedness, the debt secured is the principal obligation, the mortgage a mere incident thereto. The assignment of the debt carries with it the mortgage, and the payment of the debt, as between the parties, extinguishes the lien of the mortgage. If the verbal agreement in the case at bar had been for the payment of two thousand dollars, in full discharge of the secured indebtedness, there can be no question, as between the mortgagors and the mortgagee, that the mortgage would have been ipso facto satisfied, the agreement and payment being made before the debt became due. Schweider v. Lang, 29 Minn. 254, 13 N. W. 33. Nor can there be any serious question of the right of the parties to stipulate and contract, subsequent to the execution of the mortgage, for the release of either the security or the personal liability of the mortgagor. Donnelly v. Simonton, 13 Minn. 278 (301). And since such an agreement, at least as respects a release of the personal liability of the mortgagor, operates as a discharge and not as a modification of the mortgage, we are clear that a parol agreement is perfectly valid when founded upon a new and independent valuable consideration.

That such an agreement is valid and enforceable is maintained by many of the courts. Wallis v. Long, 16 Ala. 738; Carpenter v. Murphree, 49 Ala. 84; Ryan v. Dunlap, 17 Ill. 40, 63 Am. Dec. 334; Ackla v. Ackla, 6 Pa. St. 228; Brooks v. Jones, 114 Iowa, 385, 82 N. W. 434; Huff v. Farwell, 67 Iowa, 298, 25 N. W. 252; Leddell v. Starr, 20 N. J. Eq. 274; Southerin v. Mendum, 5 N. H. 420; Howard v. Gresham, 27 Ga. 347; 2 Pingrey, Mortgages, 1166; 27 Cyc. 1418. The rule is otherwise in Maine and Massachusetts, where it is held that a parol release is void under the statute of frauds. Leavitt v. Pratt, 53 Me. 147. The decisions of those states are evidently based upon the theory that the mortgage is the principal contract or obligation, the debt the incident. The converse of the proposition is the law of this and the other states whose decisions are here cited. The question would seem to be disposed of in this state by the decision in Schweider v. Lang, supra. That case involved a

119 M.—30.

verbal agreement, by which the payee of a promissory note, which was secured by a real estate mortgage, agreed to accept in full payment a sum less than the face of the obligation, and upon such payment to release and discharge the mortgage. The agreement was entered into before the maturity of the note. The court held the agreement valid and not within the statute of frauds. See also Wiley v. Dean, 67 Minn. 62, 69 N. W. 629. Of course the rights of third persons can only be affected by a discharge of the mortgage of record in the manner pointed out by law. But a formal written discharge is not necessary to the validity of an agreement made for that purpose between the mortgagor and mortgagee, where the rights of third persons are not involved.

We therefore hold that the agreement in the case at bar to release defendants from personal liability was valid and not within the statute of frauds. The further suggestion that the agreement was not to be performed within a year and for that reason void is not sound. The agreement was not executory. On the contrary, when defendants paid the consideration the transaction was completed and became a fully executed contract.

2. The further contention that the evidence is not sufficient to support a verdict or finding that the contract was entered into as claimed by defendants cannot be considered. While it is true that a contract of the kind should be made to appear by clear and convincing evidence (Stevenson v. Adams, 50 Mo. 475), for the effect is to set aside the written contract, and though the evidence presented on the trial below, and subsequently stricken out, is not at all satisfactory, still the question is one of fact, and should be first passed upon by the trial court. The court below in striking out the evidence did not intend, as we understand the record, to pass upon the sufficiency or insufficiency of the evidence. On the contrary, the court proceeded on the theory that the contract or agreement was invalid, since it was not in writing. The question must therefore be deemed an open one and go back for trial.

Order affirmed.