## WILLIAM R. STANEK v. M. W. WHITE.[1]

October 14, 1927.

No. 26,178.

**New note valid obligation, even if given after discharge of debt in bankruptcy proceeding.**

In an action on a promissory note given for a note from which debtor had been released by a discharge in bankruptcy, *held:*

(1) The moral obligation to pay the original debt is a sufficient consideration to support the new promise to pay.

(2) After a discharge the original debt has sufficient vitality to be assignable.

(3) Plaintiff's possession of the original note made a prima facie case of ownership.

Assignments, 5 C. J. p. 864 n. 18.

Bankruptcy, 7 C. J. p. 396 n. 85 New; p. 412 n. 26, 27, 28; p. 413 n. 39; p. 415 n. 62.

Bills and Notes, 8 C. J. p. 1003 n. 86; p. 1004 n. 87.

See note in 17 A. L. R. 1333; 25 A. L. R. 635; 3 R. C. L. Supp. pp. 933, 934; 1 R. C. L. Supp. 924; 6 R. C. L. Supp. 209.

Defendant appealed from a judgment of the municipal court of Minneapolis, White, J. Affirmed.

*Lewis Severance,* for appellant.

*Allen & Fletcher,* for respondent.

WILSON, C. J.

Appeal from judgment. Victor Stanek held a promissory note of defendant who procured a discharge in bankruptcy. Thereafter defendant gave a note for $402.50 to Clara Stanek, the mother of Victor Stanek, who surrendered to him the original note. The administrator of the estate of Clara Stanek, now deceased, seeks to recover judgment upon the new note. The answer alleges want of consideration for the new note.

[1]Reported in 215 N. W. 784.

The original debt was not paid. The discharge in bankruptcy operated as a bar to its enforcement. The debt could be revived by a new promise, which, in Minnesota, must be in writing. G. S. 1923, § 8456, subd. 4. The moral obligation involved in the original debt affords a sufficient consideration to support a new promise to pay the debt. Dun. Dig. § 748; 1 Collier, Bankruptcy, p. 642; Gilbert's Collier on Bankruptcy (1927) 413. Liability rests upon the new promise to pay, not upon the original note. The discharge took the enforceability from the original note, which still evidenced the moral obligation, and the new note revived the legal obligation.

There is a distinction between a debt discharged and one paid. When discharged the debt still exists though divested of its character as a legal obligation during the operation of the discharge. Something of the original vitality of the debt continues to exist, which may be transferred even though the transferee takes it subject to the disability incident to the discharge. The fact that it carries something which may be a consideration for a new promise to pay so as to make an otherwise worthless promise a legal obligation makes it the subject of transfer by assignment. Badger v. Gilmore, 33 N. H. 361, 66 Am. D. 729. Indeed there is no reason why a transferee of such note should not have the benefit of having the debt advanced to a condition of legal liability.

The method of transfer from the original payee to the mother is not important. The transfer was made after the discharge and before the new note was given. Plaintiff does not claim any rights superior to the original holder. Possession of the original note made a prima facie showing of ownership. Defendant received the same from her hands and does not plead any lack of authority in the mother to surrender the old note for the new.

Affirmed.