HERMINE BEAUVAIS *vs.* GEORGE KISHFY.

DECEMBER 14, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit. The case is before us on plaintiff's exception to the decision of the trial justice denying her motion for summary judgment. In addition to the common counts the declaration contains one on book account for $992.73 and a count on a promissory note for $3,055 upon which a balance of $992.73 is alleged to remain unpaid.

The defendant's affidavit that he has a defense to the action is as follows:

"I, George Kishfy, defendant in the above entitled case, being duly sworn, on oath depose and say: That there is a substantial question of fact in dispute, and that I have a defense to said action as follows: That each and every claim made by plaintiff in her writ or other pleadings, including her action on book account, promissory note and common counts, has been paid by me; that as to the claim made by plaintiff on a promissory note, the said plaintiff has been paid by me, that said plaintiff has cancelled the said note, has discharged the mortgage given to secure the said note, and has delivered up said note and mortgage to me; that as to said claims made by said plaintiff on the common counts and as disclosed in plaintiff's bill of particulars, that on the 11th day of June, 1926,

I delivered to plaintiff a promissory note secured by a mortgage of real estate in the sum of $3,055, for all of said sum of $3,055 alleged in said bill of particulars to be due on said date as part payment of the purchase price of house and land; . . . that said note dated June 11, 1926, has been paid by me and said plaintiff has cancelled the said note, has discharged the said mortgage, and has renounced all rights under said note and mortgage and has delivered up the said note and mortgage to me; that said claims made by plaintiff on book account, promissory note and common counts each and all arise out of the same transaction of which there was only one debt of $3,055, and the creation of said debt and the giving of said note and mortgage were simultaneous transactions; that I did not at any time have any other transaction with plaintiff, and did not at any time have any open account with plaintiff."

It is clear that the affidavit is sufficient as to the note. It is stated in the affidavit that "the plaintiff (the holder of the note) has cancelled said note, has discharged the said mortgage and has renounced all rights under said note and mortgage and has delivered up the said note and mortgage to me."

Section 125 of the Negotiable Instrument Act (G. L. 1923, C. 227) provides that: "A negotiable instrument is discharged: . . . 3. By the intentional cancellation thereof by the holder: . . . 5. When the principal debtor becomes the holder of the instrument at or after maturity in his own right." And Section 128 of said act provides that: "The holder may expressly renounce his rights against any party to the instrument before, at, or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument discharges the instru-

ment. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon."

It appears from the declaration that the plaintiff has but one claim which grew out of a single transaction. The plaintiff's contention—which is not denied—is that, when the note and mortgage were delivered up to the defendant, he paid only a portion of the amount then due on the instrument.

The plaintiff argues that, although the note was cancelled and delivered up to the maker and all rights under the note renounced, the debt, which the note represented, was not discharged in full, unless the full amount due on said note was paid. This argument is untenable. The essential difference between discharging an ordinary chose in action as distinguished from a specialty is stated in Williston on Contracts, Vol. 1., ¶120, as follows: "The question most commonly arises when a debtor pays part of a liquidated debt in return for the creditor's agreement that the debt shall be fully satisfied . . . Only by an agreement under seal or by a promise for consideration can the whole or part of a debt which is represented by no tangible symbol capable of delivery be discharged." In a note to the same paragraph, the author gives the following rule as applicable to a note discharged on partial payment: "If represented by a note or bond, the intentional cancellation or surrender of that will discharge the debt whether the debtor pays part of the claim or nothing at all." See also Williston on Contracts, Vol. III, ¶ 1878 and authorities there cited.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*R. DeB. LaBrosse*, for plaintiff.

*Thomas P. Corcoran, Charles E. Mangan*, for defendant.