## NORTHERN DRUG COMPANY v. WILLIAM A. ABBETT.[1]

March 31, 1939.

No. 31,944.

[1]Reported in 284 N. W. 881.

66

*Courtney & Courtney*, for appellant.
*Jenswold & Dahle*, for respondent.

PETERSON, JUSTICE.

On June 15, 1935, the William A. Abbett Drug Company, a corporation, executed and delivered to plaintiff its promissory note in the sum of $900 due on August 15, 1935, which defendant endorsed. On August 30, 1935, the Abbett corporation filed a voluntary petition in bankruptcy. On September 13, 1935, plaintiff filed a claim against it in bankruptcy for $900 based on the note, reciting that the consideration therefor was goods and merchandise sold by the claimant to the bankrupt. In the bankruptcy proceedings, which are not set out in full in the record, the Abbett corporation made an offer of composition, which was accepted by its creditors and confirmed by the court. Plaintiff refused to assent to the acceptance of the composition offer, but on November 13, 1935, it received a dividend of $225 by check from the referee in bankruptcy for which it gave a receipt that it was 25 per cent of "and in full settlement of" its claim allowed in the composition proceedings. This action is brought by the plaintiff as payee to recover from defendant as endorser the amount of the note with interest, less the amount of the dividend paid to it in the composition in bankruptcy. Many defenses were interposed by the defendant, of which we shall consider only the one that the defendant was discharged as endorser by plaintiff's renunciation of its rights against the defendant, since that defense, if it is sustained, is decisive of the case.

Under § 14c of the bankruptcy act (11 USCA, § 32[c]), the confirmation discharged the bankrupt from its debts, with certain exceptions mentioned in the statute not here important. The dis-

charge resulted solely from operation of law, not the act of the parties. Higgins v. Dale, 28 Minn. 126, 9 N. W. 583; In re Kornbluth (2 Cir.) 65 F. (2d) 400, 23 Am. B. R. (N. S.) 347. See Cumberland Glass Mfg. Co. v. De Witt & Co. 237 U. S. 447, 35 S. Ct. 636, 59 L. ed. 1042; Nassau S. & R. Works, Ltd. v. Brightwood Bronze Foundry Co. 265 U. S. 269, 44 S. Ct. 506, 68 L. ed. 1013. The discharge in bankruptcy affects the remedy but not the right. It destroys the remedy by enabling the debtor to plead the discharge in bar as a defense personal to himself. It does not pay or extinguish the debt. Evans v. Staalle, 88 Minn. 253, 92 N. W. 951; Zavelo v. Reeves, 227 U. S. 625, 33 S. Ct. 365, 57 L. ed. 676, Ann. Cas. 1914D, 664; Kuehner v. Irving Trust Co. 299 U. S. 445, 57 S. Ct. 298, 81 L. ed. 340; Herrington v. Davitt, 220 N. Y. 162, 115 N. E. 476, 1 A. L. R. 1700; American Improvement Co. v. Lilienthal, 43 Cal. App. 80, 184 P. 692; 6 Am. Jur., Bankruptcy, § 484; Collier, Bankruptcy (13 ed.) p. 642. In Zavelo v. Reeves, *supra*, the court held that a discharge, while releasing the bankrupt from legal liability to pay a debt that was provable in bankruptcy, leaves him under a moral obligation that is sufficient to support a new promise to pay the debt. The court said [227 U. S. 629, 33 S. Ct. 367]: "The theory is that the discharge destroys the remedy but not the indebtedness * * *." The right survives the discharge in bankruptcy with different obligation as to the bankrupt and his endorsers and others similarly liable, there being express provision in the statute as to the latter but none as to the former. The authorities are in hopeless confusion both as to the nature of the bankrupt's obligation after discharge, some holding that it is a moral obligation, Stanek v. White, 172 Minn. 390, 215 N. W. 784, and others an equitable obligation which "rests on some actual duty, unenforceable legally," Pershall v. Elliott, 249 N. Y. 183, 188, 163 N. E. 554, 556, and as to the basis upon which the new promise to pay the debt gives rise to an enforceable obligation, some authorities holding that the new promise is supported by a moral or equitable obligation, Stanek v. White, *supra*, and others that it constitutes a waiver of the discharge. 6 Am. Jur., Bankruptcy, § 530.

It has been said that all the mentioned theories involve departures from and conflicts with well settled principles of law. 18 Ill. L. Rev. 538. See Dunnell, Minn. Dig. 1932 Supp. § 1765; Anson on Contract (5 Am. ed.) § 150, p. 170. The Restatement of the Law of Contracts avoids the difficulty, §§ 85 to 93, by adopting the view that the new promise is a special contract requiring neither mutual consent nor consideration. See 1 Williston, Contracts, § 196; Restatement, Restitution, § 61. The discharged debt may be assigned. Stanek v. White, *supra*. However much the authorities may differ as to the attributes of the right and the theory of the remedy, all agree that the debt survives and that there remains a real but unenforceable duty on the part of the bankrupt to pay.

While the nature of the bankrupt's obligation after discharge is not determined by express provision of the bankruptcy act and is arrived at by the process of construction, the statute is explicit as to the liability of the bankrupt's endorsers and others similarly liable. Section 16 of the bankruptcy act (11 USCA, § 34) provides that the liability of a person who is a codebtor with, or guarantor, or in any manner a surety for the bankrupt shall not be "altered" by the discharge of the bankrupt. The statute prevents the discharge in bankruptcy of the maker of a negotiable instrument from discharging an endorser. Myers v. International Trust Co. 273 U. S. 380, 47 S. Ct. 372, 71 L. ed. 692; In re American Paper Co. (D. C.) 255 F. 121; Easton Furniture Mfg. Co. v. Caminez, 146 App. Div. 436, 131 N. Y. S. 157; Silverman v. Rubenstein (Sup.) 162 N. Y. S. 733; Pacific Bank v. Michaelson, 216 App. Div. 120, 214 N. Y. S. 715; B. M. C. Durfee Trust Co. v. Steiger (Mass.) 4 N. E. (2d) 1014. The language of § 16 clearly shows an intention to preserve existing liabilities against endorsers of the bankrupt. The provision that such liability shall not be "altered" means that the debt and the liability are to remain the same as before the discharge. Nothing could be more clear. The endorser continues to be liable for the bankrupt's debt. Gurley v. Robertson, 178 Ala. 326, 59 So. 643. Section 16 does not create a new liability on the part of the endorser. It continues the old one. The idea was expressed in the

act of 1867 by the provision that no discharge should release any person "liable for the same debt" as endorser or otherwise. See Fisse v. Einstein, 5 Mo. App. 78. The endorser's liability was secondary—to pay the maker's note if he did not upon condition that steps be taken to charge him as endorser by making due presentment, and, if dishonored, by serving on him due notice of presentment and dishonor. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 941. Such liability presupposes the continued existence of the original debt.

■ The debt evidenced by the note was extinguished by plaintiff's renunciation of the same in the receipt which it gave for the dividend in the composition proceedings. 2 Mason Minn. St. 1927, § 7165, provides that the holder in the manner therein provided may expressly renounce his rights against the parties liable on a negotiable instrument and that the renunciation of the holder's rights against the principal debtor at or after maturity discharges the instrument. Renunciation may be with or without consideration. Where the holder does not receive a consideration the renunciation amounts to a gratuitous release. McGlynn v. Granstrom, 169 Minn. 164, 210 N. W. 892; Bank of the United States v. Manheim, 264 N. Y. 45, 189 N. E. 776; Jones v. Wettlin, 39 Wyo. 331, 271 P. 217, 69 A. L. R. 840, both citing McGlynn v. Granstrom, *supra.* See notes, 69 A. L. R. 846, and 86 A. L. R. 334. Where the holder renounces his rights under a promissory note the debt evidenced by the note is extinguished. Beauvais v. Kishfy, 54 R. I. 494, 175 A. 826. The so-called receipt was also a full settlement of plaintiff's claim. It was a release in full. Cummings v. Baars, 36 Minn. 350, 31 N. W. 449; Cappis v. Wiedemann, 86 Minn. 156, 90 N. W. 368; Oien v. St. Paul City Ry. Co. 198 Minn. 363, 270 N. W. 1. In the ordinary meaning of language, "full settlement" in a release means payment or satisfaction extinguishing the claim. Hoopes & Townsend v. McCan, 19 La. Ann. 201; Gandolfo v. Appleton, 40 N. Y. 533; Hopkins v. Warner, 109 Cal. 133, 41 P. 868; Lilly v. Cox, 61 W. Va. 547, 56 S. E. 900. Although the release was without consideration, since plaintiff was entitled to the dividend as its share of the consideration paid by the bankrupt for the composition, In re

Lilyknit Silk Underwear Co. Inc. (2 Cir.) 73 F. (2d) 52, plaintiff signed the instrument voluntarily. For forms of receipt, see Collier, Bankruptcy (13 ed.) 1067-1068; Form 199, page 2356. Plaintiff had a right to object to the exaction of the release as part of the receipt as being in excess of the authority of the referee acting as the distributing agent of the bankruptcy court, Equitable Holding Corp. v. Woody (2 Cir.) 63 F. (2d) 751, 23 Am. B. R. (N. S.) 143, but did not see fit to assert that right. The giving up of its rights under the note was a renunciation. McGlynn v. Granstrom, *supra.* Where a debt is extinguished by act of the parties as by payment, accord and satisfaction, or voluntary release, it ceases to have existence for any purpose. O'Donnell Shoe Co. v. Benson Co-op. Merc. Co. 175 Minn. 382, 221 N. W. 426. The duty is not only rendered unenforceable, it is discharged. The discharged debt will not even support a new promise. Higgins v. Dale, *supra;* Grant v. Porter, 63 N. H. 229; Anson on Contract (5 Am. ed.) § 150, p. 171; 2 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 1768. The discharge in bankruptcy rendered the note unenforceable as to the bankrupt. The renunciation extinguished it for all purposes. The one resulted from operation of law, the other from the act of the plaintiff. By renouncing its rights under the note, plaintiff discharged and released all parties, including defendant.

Reversed and judgment ordered for defendant.

Mr. Justice Hilton, incapacitated by illness, took no part.