## Rhodes Hardwood Flooring Corp. v. Cherry

*Goff & Rubin*, and *Joseph S. Moloznik*, for plaintiff.
*Leonard L. Ettinger*, for defendant.

KELLEY, J., April 27, 1959.—Plaintiff seeks to recover the sum of $13,317.70 on defendant's written "guaranty of payment" of sums due for the sale of materials to the Colonial Lumber Co., Inc. The pleadings disclose that Colonial Lumber Company became indebted to plaintiff for materials in the approximate sum of $17,756.94, that it then filed a petition for an

arrangement under Chapter 11 of the Bankruptcy Act and: "That Colonial Lumber Company, in the course of the aforesaid proceedings, submitted an Arrangement to pay its creditors 25% of their respective claims against it *in full settlement thereof* (italics supplied). In due course, this Arrangement was approved by appropriate action, and subsequently confirmed by the Court which had jurisdiction over the said proceedings. Since such confirmation, and pursuant thereto, plaintiff has received the sum of $4,439.24": Paragraph 5 of complaint. Under "new matter" in its answer defendant alleges, among other things, that he is not liable because the discharge of the Colonial Lumber Company, Inc., by operation of law, discharged defendant from his obligation on the writing. We have before us plaintiff's motion for judgment on the pleadings.

Assuming for the purpose of argument that the mere discharge of a debtor by operation of law upon confirmation of an arrangement under Chapter 11 of the Bankruptcy Act ordinarily will not alter the liability of a person who is a codebtor, guarantor or surety (Sections 16 and 371 of the Bankruptcy Act of July 1, 1898, 11 U. S. C. A. §§34, 771, 30 Stat. 550, 52 Stat. 912, United States v. Hass, 152 F. Supp. 715 (D. C. E. D. N. Y. 1957): New Jersey Button Works v. Silverstein, 173 Misc. 1072, 19 N. Y. S. 2d 10 (1940) : 6 Am. Jur. §§1317, 1319), such liability may be held to have been altered by voluntary act of the creditor, where, for example, the creditor executes a receipt in writing accepting a dividend check from the referee "in full settlement" of his claim. See Northern Drug Company v. Abbett, 205 Minn. 65, 69, 284 N. W. 881, 883, 121 A. L. R. 1349, 1352 (1939) ; 6 Am. Jur. §1319.

The statement in paragraph 5 of plaintiff's own pleading that Colonial Lumber Company submitted

436

an arrangement to pay its creditors 25 percent of their respective claims "in full settlement thereof" indicates that plaintiff may have executed a receipt similar to the one involved in the Northern Drug Company case, supra, or that it may have taken some other voluntary action, not required by the Bankruptcy Act, which altered or released the liability of persons other than the debtor, including defendant herein.

The power to enter summary judgment is intended only for clear cases and every doubt must be resolved against the entry of such judgment: Rohm & Haas Company v. Lessner, 168 Pa. Superior Ct. 242 (1951).

Since the complaint itself discloses a possible defense to the action, plaintiff's motion for judgment on the pleadings must be denied.

### Order

And now, this April 27, 1959, plaintiff's motion for judgment on the pleadings is overruled.