[No. 7,065.—Department Two.]

## THE SAN JOSÉ SAVINGS BANK *v.* S. P. PHARIS.

CORPORATION—LIABILITY OF STOCKHOLDER.—Whenever the debt of a corporation is satisfied in part, there is also *pro tanto* a discharge of the liability of the stockholders.

*Held*, accordingly, in an action against a stockholder for his proportion of a corporation debt, which had been partially satisfied by a sale of mortgaged and pledged property, that the defendant was liable only for his proportion of indebtedness of his corporation after the payments had been credited.

APPEAL from a judgment for the plaintiff in the Twentieth District Court, County of Santa Clara, and from an order denying a new trial in the Superior Court of the same county. BELDEN, J.

*Fox & Ross*, for Appellant.

Whatever satisfies or extinguishes the debt as to the corporation, extinguishes also the liability of the stockholder. (*Young* v. *Rosenbaum*, 39 Cal. 654.)

*S. F. Leib*, for Respondent.

The defendant was primarily liable for his full proportion of the original debts and not as surety of the corporation for a proportion of the unpaid portion thereof. Therefore he was rightfully held for his proportion of the original debt upon his primary liability thereon.

*D. M. Delmas*, for Appellants, in reply.

Whenever the corporation makes a payment upon a debt which it owes, it pays with the money of its stockholders, and, therefore, diminishes *pro rata* their liability to pay.

MYRICK, J.:

The San José Mill and Lumber Company, a corporation, executed to plaintiff its promissory notes for forty-seven thousand dollars, four thousand dollars, one thousand dollars, and one thousand dollars. The first note was secured by mortgage of real estate, the others by lien on personal property. The mortgage upon real estate was foreclosed, and a

portion of the debt realized; and by legal proceedings the personal property was sold, and a portion of one of the smaller notes realized. The defendant was a stockholder of the San José Mill and Lumber Company. This action was brought to recover of defendant as such stockholder his proportion of said debts, the plaintiff claiming the right to recover of defendant, and that defendant is liable for his proportion of the original indebtedness, without regard to the amounts which had been realized; and such liability is substantially the question in the case. The other points made by the appellant relate to the proper execution of the notes, the receipt and use by the Mill and Lumber Company of the money for which the notes were given, and the action of the defendant relating thereto; in the rulings of the Court in regard to such matters no errors appear.

The finding of the Court is that there remained due and unpaid at the date of filing the complaint, on the first note, twenty-three thousand one hundred and seventy-four dollars and five cents; on the second note, four thousand eight hundred and sixty-four dollars and ninety cents; on the third note, four hundred and two dollars and seventy-three cents; on the fourth note, one thousand two hundred and seventeen dollars and seventy-four cents. Total—twenty-nine thousand seven hundred and fifty-nine dollars and forty-two cents. That there were three thousand two hundred shares of the stock of the Mill and Lumber Company, of which the defendant was the owner of seven hundred and eighty-seven shares, being seven hundred and eighty-seven and thirty-two one hundredths of the whole amount of stock; and as conclusion of law that the defendant is liable for seven hundred and eighty-seven and thirty-two one hundredths of the original indebtedness, as prayed for in the complaint, and thereupon rendered judgment against defendant for eighteen thousand seven hundred and fifty-two dollars and sixty-three cents.

The conclusion of law and the judgment constitute error. The liability of the defendant was for his proportion of the indebtedness of his corporation, after the payments had been credited. As was said by this Court in *Young* v. *Rosenbaum*, 39 Cal. 654, "Whatever satisfies or extinguishes the debt as to the corporation, extinguishes also the liability of

the stockholders, because the creditor can claim only one satisfaction of the debt." It necessarily follows that whenever the debt of the corporation is satisfied in part, there is also, *pro tanto*, a discharge of the liability of the stockholders.

The judgment and order are reversed, and the cause is remanded, with instructions to compute and ascertain the amount due and unpaid to the plaintiff from the Mill and Lumber Company for principal and interest to the date of such computation, and to render judgment against defendant for seven hundred and eighty-seven and thirty-two one hundredths of such amount. The interest to be computed at the respective rates specified in the notes mentioned in the complaint and the judgment to be rendered upon the findings and such computation without new trial.

SHARPSTEIN, J., and THORNTON, J., concurred.