## O'DONNELL SHOE COMPANY v. BENSON CO-OPERATIVE MERCANTILE COMPANY AND OTHERS.[1]

October 12, 1928.

No. 26,889.

**When no question is presented for review on appeal.**

    1.  In an action tried by the court, an issue upon which the court made no finding, upon which neither party has requested findings, and which is not covered by any assignment of error presents no question for review.

**Constitutional liability of stockholders released by composition agreement with all of defendant's creditors.**

    2.  A voluntary composition agreement between a corporation and all its creditors, whereby the corporation transfers all its property and assets to the creditors in consideration of being released from all liability on the amounts owing the creditors, which agreement is fully performed, waives and releases the constitutional liability of the stockholders of the corporation.

    Such release satisfies and extinguishes the indebtedness and leaves no debts for which the stockholders can be held.

    The fact that the release is stated to be "the same as said first party [defendant company] would be released by proceedings in bankruptcy" does not reserve or save any rights against the stockholders.

Appeal and Error, 4 C. J. p. 657 n. 33.
Compositions with Creditors, 12 C. J. p. 275 n. 84.
Corporations, 14 C. J. p. 1041 n. 73.

Plaintiff appealed from a judgment of the district court for Swift county, Baker, J.  Affirmed.

*Todd, Fosnes & Green* and *R. H. de Lambert,* for appellant.

*Ozro Yakey, Knute Knutson* and *Daly & Barnard,* for respondents.

[1]Reported in 221 N. W. 426.

OLSEN, C.

Plaintiff, on behalf of itself and all other creditors of the Benson Co-operative Mercantile Company, a Minnesota corporation, hereinafter referred to as the Benson company, brought suit against that corporation and all of its stockholders to have the corporation declared insolvent and its stock, property and assets sequestered for the payment of its debts, and particularly to have the court levy an assessment on all the outstanding stock of the corporation; to have a receiver appointed to wind up its affairs and obtain judgment against the stockholders for their constitutional liability on said stock, with authority to collect the assessment. Plaintiff does not seek any money judgment against the Benson company. The record consists of stipulations as to facts and certain exhibits offered and received. There is no disputed question of fact. The court made findings and in its conclusions of law held that plaintiff was not entitled to any relief. Plaintiff moved for amended findings and conclusions of law in its favor, which motion was denied except as to some minor matters not here important. Judgment was entered for defendants, and plaintiff appeals therefrom.

The Benson company was engaged in the mercantile business at Benson in this state. On January 14, 1922, it was indebted to creditors in an amount aggregating about $29,000. Its assets amounted to about $11,000. It was insolvent. This plaintiff was one of its creditors to the amount of $890.47. On the date stated the Benson company entered into a voluntary composition agreement with all its creditors, including this plaintiff, whereby it agreed to and did convey and transfer to a trustee, for and selected by such creditors, all of its property and assets, to be by said trustee converted into money and distributed and paid to the creditors. In consideration thereof the creditors agreed to release the Benson company "from all liability on the amounts due them the same as said first party [defendant company] would be released by proceedings in bankruptcy." The composition agreement was fully carried out; the assets of the Benson company were converted into money and the proceeds distributed to all its cred-

itors, resulting in the payment of 30.4 per cent of the indebtedness to each creditor. Plaintiff received and accepted such payment on its indebtedness, and so received the sum of $267.53. The matter was completed and terminated long prior to the commencement of this action. It is admitted that if there remains any indebtedness to creditors, which is not admitted, and if the defendants, other than the Benson company, are stockholders and liable as such, and an assessment against stockholders is justified, then the amount of the assessment will have to be 100 per cent.

1. The court held the plaintiff not entitled to any relief. While the grounds of the decision are not stated, it is apparent that the court held the stockholders' liability released or waived by the composition agreement with the creditors, hereinbefore set forth. The defenses pleaded, in addition to general denials, were first, that by the composition agreement and the release therein contained, and the full performance of that agreement, the debts of creditors of the Benson company were discharged and satisfied and no indebtedness remained upon which the stockholders could be held liable; second, a prior action and judgment in a suit by another creditor to enforce stockholders' liability, as a bar or in abatement.

The court made no findings and none were requested as to the prior action or judgment, and there is no assignment of error relating thereto. Under those circumstances we are not called upon to consider the question of the judgment or prior action as a bar or an abatement.

2. Was the court justified in denying relief on the ground that the release of the Benson company by its creditors satisfied the indebtedness and thereby released or waived any right to enforce the constitutional liability of stockholders?

The stockholders sustain the relation of sureties for the debts of the corporation. Willis v. Mabon, 48 Minn. 140, 50 N. W. 1110, 16 L. R. A. 281, 31 A. S. R. 626; Minneapolis Baseball Co. v. City Bank, 66 Minn. 441, 69 N. W. 331, 38 L. R. A. 415; Way v. Barney, 116 Minn. 285, 133 N. W. 801, 38 L.R.A.(N.S.) 648, Ann. Cas. 1913A, 719.

Sureties and persons secondarily liable are released by a composition and release of the principal debtor. Downs v. American Surety Co. 132 Minn. 201, 156 N. W. 5; Lambert v. Shetler, 71 Iowa, 463, 32 N. W. 424. This rule is so well settled that further citations are omitted. If the debt is discharged, as it is by a voluntary composition and release, nothing remains upon which to hold anyone liable. The creditors may, in the composition agreement, reserve their rights against sureties and persons secondarily liable. 12 C. J. p. 275, and cases there cited; 21 R. C. L. pp. 1065-1066.

The reservation of rights against one secondarily liable must be clearly expressed. A debt which has been extinguished by voluntary act of debtor and creditor, as by accord and satisfaction or composition, will not even support a new promise. Mason v. Campbell, 27 Minn. 54, 6 N. W. 405; Higgins v. Dale, 28 Minn. 126, 9 N. W. 583; and see note 2 in 17 A. L. R. pp. 1335-1336. We are of the opinion that this is such a case and that the court correctly held the indebtedness of the corporation extinguished by the composition.

It is urged that the words in the release clause, "the same as said first party [defendant company] would be released by proceedings in bankruptcy," save the rights of creditors against the stockholders. The clause does not refer to stockholders. Neither does it purport to reserve any rights against them. It does not refer to the section of the bankruptcy law reserving to creditors their rights against sureties and stockholders. The logical meaning of the words would seem to be that the creditors fully satisfied and discharged the indebtedness but reserved any moral obligation which might remain in the Benson company to pay any excess of indebtedness over what was realized. But such moral obligation, if any there be, is not a legal liability against anyone. It cannot be enforced in any court. The only effect of such moral obligation is that it may serve as a consideration for a new promise. Concededly the indebtedness is extinguished and dead for all purposes unless and until it is resurrected by a new promise on the part of the debtor. Neither this corporation nor any of its stockholders has

made any new promise, so far as appears; hence the indebtedness of the corporation remains extinguished, and there are no debts to be collected from the stockholders.

The court refused to make certain additional findings which the stipulation of facts indicates were agreed to. It did however find fully as to the composition agreement and release; and as those findings are decisive of this case the additional findings asked would not aid the plaintiff. The conclusions of law requested were properly refused.

Judgment affirmed.