[Civ. No. 9121. First Appellate District, Division One.—April 21, 1934.]

KEELING CORPORATION, LTD. (a Corporation), Respondent, v. PACIFIC PRODUCTS, INC. (a Corporation), Appellant.

Humphrey, Searls, Doyle & MacMillan and Torregano & Stark for Appellant.

Goodman, Bachrack & Brownstone and George M. Naus for Respondent.

TYLER, P. J.—This is an action on a stockholders' liability.

Plaintiff as assignee of the creditors of Taits Incorporated, a corporation, sued certain stockholders of such corporation to recover from them amounts allegedly due on account of a stockholders' liability under the provisions of section 322 of the Civil Code, since repealed. Defendant and appellant Pacific Products, Inc., denied that there was any stockholders' liability. The total of the alleged indebtedness as sued for was the sum of $282,946.30, of which amount plaintiff sought to recover from defendant the sum of $2,244. Taits Incorporated was an involuntary bankrupt, and in the course of the bankruptcy proceedings made a composition with its creditors of twenty-five cents on the dollar. Thereafter this action was brought, as heretofore stated, to recover from certain stockholders on their primary liability to pay an additional seventy-five cents on the dollar under their alleged statutory liability. Judgment was rendered in favor of plaintiff and against defendant. This is an appeal from the judgment.

As ground for reversal it is claimed that as plaintiff's assignors entered into the contract of composition with the corporation under which they agreed to and did accept twenty-five cents on the dollar in full satisfaction of their claims against the corporation, they cannot now proceed against the stockholders of the corporation under their statutory liability to compel them to pay the additional sum, as such claims were satisfied and extinguished, and all stockholders' liability terminated. It appeared in evidence

that the creditors whose claims are here involved were parties and signatories to the composition agreement above referred to, and that such agreement was approved by the federal court. The composition agreement provided in express terms that the payment made should be in full satisfaction of creditors' claims against the insolvent corporation.

 Respondent contends in support of the judgment that the discharge in bankruptcy of a corporation does not extinguish the statutory liability of its stockholders for the reason that the remedy only is destroyed and not the debt; that the debt of an insolvent bankrupt is due in conscience, notwithstanding his discharge, and is a sufficient consideration to support a subsequent promise to pay. This may all be true, but whatever effect a discharge in bankruptcy may have with reference to the debt is of no consequence so far as the present case is concerned for there was no discharge in bankruptcy here and none in fact was sought by the company. There is a distinction between a discharge in bankruptcy and a composition settlement and the consequences which flow therefrom. A composition with creditors partakes of the nature of a contract, in a measure superseding and outside of the bankruptcy proceedings; it is an offer and acceptance, and the respective rights of the bankrupt and the creditors are fixed by the terms of the offer upon its confirmation. (*Myers* v. *International Trust Co.*, 273 U. S. 380 [47 Sup. Ct. 372, 71 L. Ed. 692].) Whether, therefore, a discharge in bankruptcy merely bars the remedy or completely extinguishes the legal obligation is a matter of academic interest as the composition agreement by its express terms provided that the sum paid was "in full of such creditors' claims" against the corporation. The stockholders were released therefore not by a discharge in bankruptcy but under an express contract. This agreement completely extinguished and wiped out the entire legal obligation of the company. It has been universally held that the constitutional liability of stockholders of a corporation for its debts is released by the full performance of a voluntary composition agreement between the corporation and its creditors. (*San Jose Sav. Bank* v. *Pharis*, 58 Cal. 380.) Whatever satisfies or extinguishes the debt as to the corporation, extinguishes also the liability of the stockholders, for the reason there can be only one

satisfaction of the debt. (*Young* v. *Rosenbaum*, 39 Cal. 646, 654; 6a Cal. Jur. 1018; *O'Donnell Shoe Co.* v. *Benson Co-op. Mercantile Co.*, 175 Minn. 382 [221 N. W. 426].) The statutory liability of a stockholder is dependent upon the actual existence of an indebtedness. (*Ellsworth* v. *Bradford*, 186 Cal. 316 [199 Pac. 335].) Here, as above indicated, the entire indebtedness has been discharged, satisfied and wiped out. There was, therefore, no debt upon which the alleged statutory liability could be based.

■ Counsel for respondent have cited us to the cases of *Firestone Tire & Rubber Co.* v. *Agnew*, 194 N. Y. 165 [86 N. E. 1116, 16 Ann. Cas. 1150, 24 L. R. A. (N. S.) 628], and *E. S. Parks Shellac Co.* v. *Harris*, 237 Mass. 312 [129 N. E. 617], as supporting their contention. The cases are not in point. Neither one involved the question of stockholders' liability, but were based upon the common-law liability of stockholders to the corporation for the balance due the corporation as unpaid subscriptions to the stock. The amount due on unpaid subscriptions to the capital stock of corporations constitutes, upon the insolvency of the corporation, a fund for the benefit of corporate creditors. This liability is one separate and apart from the statutory liability of stockholders.

The conclusion we have reached renders unnecessary a discussion of other questions presented.

The judgment is reversed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 21, 1934, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 18, 1934.