ELISA ANTONSON v. AUREL L. EKVALL AND ANOTHER.

186 N. W. (2d) 187.

March 19, 1971—No. 42076.

*Whitney F. Tarutis,* for appellant.
*Powell & Dessert* and *Phillip D. Nelson,* for respondent Ekvall.

*Smith, McRae & Hilligan* and *Thomas M. Hilligan,* for respondent township.

Heard before Knutson, C. J., and Rogosheske, Peterson, Kelly, and Rosengren, JJ.

Per Curiam.

Plaintiff appeals from a judgment for defendants, Aurel L. Ekvall and the township of Sinclair, and from orders denying plaintiff's motions for a new trial. The plaintiff in this case sought vacation of a deed, an order requiring defendant township to reconvey and restore possession to her of certain real estate, or, in the alternative, money damages, apparently based on allegations of fraud, misrepresentation, and cheating by defendants. The case was tried on the theories of fraud and rescission. At the close of plaintiff's case in a jury trial, the court below granted defendants' motions and directed a verdict in favor of the township, dismissed the plaintiff's alleged causes of action against both defendants, and ordered that judgment be entered in their favor.

Many of the issues submitted by plaintiff for review in this court consist of mere assertions and pertain to questions or points that were not litigated at the trial or were not submitted to the trial court for decision. However, it appears that in substance plaintiff raises the following issues which are reviewable: (1) That the lower court abused its discretion and erred in dismissing the plaintiff's alleged cause of action and in directing the entry of judgment for defendants and a directed verdict for defendant township on the grounds that upon the facts and the law, the plaintiff had shown right to relief; (2) that the trial court abused its discretion and erred in its orders for directed verdict, dismissals, and entry of judgment on the ground that the evidence was sufficient to sustain a verdict for the plaintiff.

The salient facts are that plaintiff over a period of years had requested the township to put a road into her property. On August 27, 1965, she was told that a road would be built if she gave the township some land. The town board, plaintiff, her daughter, and a friend, Fred Holmberg, at the direction of one of the town board members, went to the office of defendant Ekvall, the county attorney of Clearwater County. There is no evidence that Ekvall had any attorney-client relationship with plaintiff. About all that Ekvall did was to read a legal description and to tell plaintiff where to sign. The papers signed by the plaintiff consisted of a deed and easement. They were not read to plaintiff nor did she ask that they be read, and she made no request for any help or assistance. Nor did she at the time talk to her daughter or

Holmberg. While she could not read nor write in English, she could understand and speak some English. There was nothing to indicate that Ekvall knew of her language limitations. Defendant Ekvall said he would keep the papers until August 27, 1966, and if the road were not built, he would return the papers to the plaintiff and the deal would be off. The town board sent plaintiff a check for $1 in July 1966 and the deed was recorded August 7, 1966. In early September 1966, plaintiff, her daughter, and Holmberg drove on the new road all the way to the lake on her property but got stuck coming back. No written claim was presented to the township until January 2, 1968. While there are many other questions of fact such as the placement and adequacy of the road, they are not essential to the determination of this case.

As to defendant Ekvall, there is no evidence that he was guilty of any fraud or misrepresentation. He did not represent plaintiff and had no duty to give any advice to her. Under the theory on which the case was tried, the court did not abuse its discretion nor commit error in dismissing the plaintiff's alleged cause of action against Ekvall and ordering entry of judgment in his favor.

Plaintiff for the first time and on this appeal claims that Ekvall was acting as her escrow agent and that by reason thereof he owed her certain duties and had certain responsibilities. This theory was not pleaded nor litigated in the court below. An appellate court can generally consider only such issues as were raised by the pleadings or litigated by consent in the trial court below. Schlecht v. Schlecht, 168 Minn. 168, 209 N. W. 883. We therefore hold plaintiff's claim based on the theory that defendant Ekvall was acting as an escrow agent and owed her certain duties is not subject to review.

Plaintiff's claim against the township was litigated and tried as a tort claim. No written notice of claim as required by Minn. St. 466.05 was given within 30 days after the claimed loss in this case. The loss here, if any, occurred one year from August 27, 1965. A written claim was made by plaintiff but not until sometime in January 1968. Under § 466.05 no action may be maintained unless such notice was given. It follows that the trial court did not abuse its discretion nor commit error in dismissing plaintiff's alleged cause of action against the township and directing a verdict in favor of the township.

After the court had dismissed the plaintiff's alleged cause of action against the defendants and had directed a verdict in favor of the township and the entry of judgment for both defendants, the plaintiff claimed for the first time, in a motion for a new trial, that the court should have submitted the case to the jury on the issue of ejectment.

While the pleadings were general enough to have possibly made out a claim on that theory, there was no language in the complaint that would alert anyone to a claim based on the theory of ejectment. Nor did counsel for plaintiff present this theory to the court during the trial. Thus, for all practical purposes, the claim was not pleaded nor was it presented or litigated at the trial. The claim came too late when suggested for the first time by plaintiff's motions for a new trial. Tompkins v. Sandeen, 243 Minn. 256, 67 N. W. (2d) 405; Allen v. Central Motors, Inc. 204 Minn. 295, 283 N. W. 490.

The plaintiff also contends that the trial court failed to comply with Rule 41.02(2), Rules of Civil Procedure, in that no findings were made by the court. The plaintiff did not request the court below to make findings nor was the court asked to grant a new trial on the ground that no such findings were made. This point is being raised for the first time on this appeal and we hold it is not subject to review. We held in Heise v. The J. R. Clark Co. 245 Minn. 179, 191, 71 N. W. (2d) 818, 826:

"* * * Matters involving trial procedure, evidentiary rulings, objections to instructions, and the like are subject to review only providing there has been a motion for a new trial in which such matters are assigned as error."

Affirmed.