**In re the Marriage of JoAnn Joy SMOOT, petitioner, Appellant,**

v.

**John Patrick SMOOT, Respondent.**

**No. CO–82–231.**

Supreme Court of Minnesota.

Feb. 18, 1983.

---

Messinger, Cooper & Norton and William F. Messinger, Minneapolis, for appellant.

Lang, Pauly & Gregerson and Robert I. Lang, Minneapolis, for respondent.

PETERSON, Justice.

Appellant, JoAnn Joy Smoot, appeals from a judgment and decree of Hennepin County District Court, entered on 13 December 1981, which dissolved her marriage to respondent, John Patrick Smoot. Appeal is also taken from an order, dated 8 January 1982, finding appellant in willful contempt of court for failing to abide by the terms of the judgment and decree. We remand to the trial court for a re-evaluation of the maintenance award.

Three basic issues are raised on appeal. Did the trial court: (1) abuse its discretion by reducing and terminating the spousal maintenance amount awarded over a 5-year period; (2) abuse its discretion in its computation and disposition of marital and nonmarital property; and (3) err in finding appellant in willful contempt of court for violating the terms of the judgment and decree dated 13 November 1981?

A brief discussion of the facts is necessary before consideration of the legal issues. Appellant and respondent were married in 1963. At the time of the marriage, appellant had custody of two minor children by a previous marriage; in 1964, a child was born of her marriage to respondent. The parties separated, pursuant to a decree of legal separation, on 31 December 1980.

Appellant worked during the period of her marriage, and, in 1970, she organized, as sole stockholder, Amy Allen Placement, Inc., a temporary employment service. The business is no longer in operation, in part due to appellant's continuing bout with cancer, which was originally diagnosed in 1972. Appellant enjoys temporary remissions from her illness but also suffers relapses.

At the time of trial she testified that, as a result of chemotherapy, she was unable to work. Her physician testified, however, that, if she desired to do so, he would have no objection to her continuing employment. As a result of her employment, appellant has a vested interest in a pension and profit-sharing plan created while she was in business for herself. Her interest in the plan has a fair market value of $15,000.

Respondent is employed as an estimator for a painting contracting firm. His salary in 1981 was $38,740, not including a discretionary bonus of $7,500 dependent upon profitability. The succeeding fiscal year has not been profitable for the firm. Respondent participates in a stock ownership and profit-sharing plan with his employer. He has a vested interest in the plan, with benefits payable upon death, disability, or retirement. Contributions to the plan are within the sole discretion of respondent's employer. The value of respondent's pension is approximately $52,000.

The parties' major tangible assets include a lake home in Wright County, a homestead in Bloomington, household furnishings, and recreational equipment. The parties also own stocks and bonds in various amounts.

Appellant and respondent submitted monthly living expense estimates of $1,784 and $2,397, respectively. The trial court, based upon this information, divided marital and nonmarital property and awarded maintenance to appellant. Each party received approximately $125,000 in marital property; respondent received $12,000 in nonmarital property; appellant received approximately $27,000.

The Wright County lake home was awarded to appellant; the Bloomington residence was awarded to respondent. The trial court also made a comprehensive division of personal property, although furnishings in the Bloomington homestead were to be divided by consensus between the parties. Finally, the trial court awarded appellant maintenance for 5 years, beginning at $500 per month for the first year and decreasing by $100 per month each subsequent year.

The parties never divided the household furnishings located at the Bloomington residence. This was to be done by 30 November 1981, when appellant would turn possession of the home over to respondent. Instead, appellant removed all the personal property, except two items of furniture. Appellant also failed to make the November mortgage payment and to carry a certificate of insurance. Her conduct violated the terms of the judgment and decree.

In an order dated 8 January 1982, the trial court found appellant in contempt of court. Appellant had appeared through her attorney and had submitted an affidavit in opposition. She was ordered to return the removed property and to submit to a preordained method of selecting property, since the parties were unable to agree between themselves. Appellant's violation of this latter order resulted in an order dated 16 February 1982, committing appellant to the workhouse. She did not appeal from the February order.

■ 1. We initially focus on the award of maintenance granted to appellant, remembering that our standard of review is narrow: whether the trial court abused the wide discretion accorded to it. *Erlandson v. Erlandson,* 318 N.W.2d 36, 38 (Minn.1982). The facts of each case must be examined to ascertain whether there has been an abuse of discretion. *Cooper v. Cooper,* 298 Minn. 247, 249, 214 N.W.2d 682, 684 (1974). Minn. Stat. § 518.552, subd. 2 (1982), enumerates factors relevant to the amount and period of maintenance once it is decided that maintenance will be awarded.

■ We are satisfied that the trial court was within its discretion in awarding appellant maintenance for the period of time and in the amounts granted. Particularly relevant to the award would have been appellant's ability to work and to support herself. On the record presented to the trial court, her physician had no objection to her continuing employment in some manner. She was in remission from her illness at the time of trial. If, indeed, she were capable

of employment—and that is what the record suggests—the trial court was within its discretion in the award of maintenance.[1]

Nevertheless, relevant information has come to our attention during the pendency of the appeal. Apparently, appellant is no longer in a state of remission from her illness, and this affects her ability to find and maintain employment. Specifically, letters from her physician stating her current condition have been attached to the briefs. Although these letters have not been tested adversarily, if accurate, they would affect our view of the proper amount and duration of maintenance to be awarded appellant. In the interest of justice, and to expedite proceedings, we remand for a re-evaluation of the maintenance award.[2]

■ 2. No abuse of discretion is evident in the trial court's disposition and computation of marital and nonmarital property.

■ 3. Finally, we uphold the trial court's order finding appellant in contempt of court. Appellant admitted violations of the judgment and decree in an affidavit submitted to the trial court before its ruling of contempt. It is noteworthy that the 8 January 1982 order imposed no sanctions upon appellant; rather, it ordered that appellant and respondent divide personal property from their Bloomington homestead in a manner imposed by the court. The order is valid.[3]

Remanded.

1. Appellant claims that the trial court should have made specific findings of fact regarding the parties' respective needs and their ability to support themselves. She asserts that such findings would have clearly shown the inadequacy of the maintenance award. While this may be so, no such requirement appears in Minn.Stat. § 518.552 (1982). Rather, the trial court *considers* the enumerated factors in devising a maintenance award. In any event, appellant made no request for such findings in a motion for amended findings. Under these circumstances, the claim is not now subject to review. *Antonson v. Ekvall,* 289 Minn. 536, 539, 186 N.W.2d 187, 189 (1971).

2. It is not our duty to conduct trials *de novo;* we review final orders and judgments on the records presented to trial courts. A far better practice in this case would have been a motion seeking modification of the terms of the judgment and decree in light of appellant's current condition. Minn.Stat. § 518.64, subd. 2 (1982), specifically provides for such modifications.

3. Appellant's refusal to comply with the 8 January 1982 order resulted in a further order dated 16 February 1982, finding appellant in contempt of court and ordering her committed to the Minneapolis City Workhouse. No appeal was made challenging the validity of this order. Appellant's conduct need not be condoned by the trial court.