Roy COGSWELL, et al., Appellants,

v.

Wayne EICHENBERGER d.b.a. Wayne Eichenberger Insurance, et al., Respondents.

No. C8–84–2250.

Court of Appeals of Minnesota.

July 23, 1985.

Kevin W. Eide, Eagan, for appellants.

Thomas W. Newcome, III, St. Paul, for respondents.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellants Roy and Lowanna Cogswell appeal the decision of the trial court refusing to give requested jury instructions and to provide a special interrogatory verdict on negligence. Appellants argue that the motions were, in effect, a motion for amended pleadings and that the trial court abused its discretion in refusing to grant the amendment. We affirm.

## FACTS

Appellants had homeowner's insurance with State Farm Fire and Casualty Company for many years. On October 28, 1980, appellant Lowanna Cogswell telephoned respondent Wayne Eichenberger, the agent to whom the policy was assigned, requesting a change in her homeowner's policy. Respondent Eichenberger added a replace-ment cost endorsement to appellants' policy. At trial, the parties disagreed whether appellants requested additional coverage on certain valuables.

In February 1981, appellants' home was burglarized. Over $20,000 of jewelry was stolen and never recovered. Appellants sought insurance coverage for their loss. State Farm denied coverage in excess of $500 because the policy excluded coverage of jewelry in excess of that amount.

The Cogswells sued Eichenberger and State Farm alleging the conversation between Cogswell and Eichenberger on October 28, 1980 established an express or implied contract to cover the valuables. After testimony was completed and before oral argument, appellants' counsel moved for a jury instruction on negligence. The trial court rejected appellants' requested instruction but did read a general negligence instruction.

Counsel also requested a special jury interrogatory on Eichenberger's alleged negligence. The trial court denied appellants' motions for the jury instruction and special interrogatory because the lawsuit was sued as a contract claim.

The jury returned a verdict in favor of respondents. Appellants did not make a motion for a new trial.

## ISSUES

1. Did the trial court err by not allowing an amendment to the complaint to include a negligence cause of action?

2. Did the trial court err by rejecting appellants' specific negligence jury instruction?

## ANALYSIS

1. Appellants did not make a motion for a new trial.

[O]n appeal from a judgment where there has been no motion for a new trial the only questions for review are whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment. *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). We will

not review issues raised on appeal where the trial court was not given the opportunity to correct any error. *See Pierce v. National Farmers Union Property & Casualty Company,* 351 N.W.2d 366, 368–69 (Minn.Ct.App.1984). The issues raised in this appeal were not properly preserved for review by this court.

2. Although the foregoing analysis is dispositive, we note that neither of appellants' claims have merit. Appellants claim the trial court should have allowed an amendment to the pleading to assert a negligence action is untenable because appellants never moved the trial court to amend the complaint. The trial court could not be expected to infer appellants were asking for an amended complaint when they requested a jury instruction on negligence. *See Antonson v. Ekvall,* 289 Minn. 536, 538–39, 186 N.W.2d 187, 189 (1971). Likewise, the negligence jury instruction requested by appellants was properly refused because the instruction did not conform to the theory of the case. *See Brandenberg v. Equity Co-operative Exchange,* 160 Minn. 162, 168, 199 N.W. 570, 572 (1924).

### DECISION

The issues raised by appellants were not raised in a motion for a new trial and are not properly reviewable by this court.

Affirmed.