FIRST NATIONAL BANK OF COLD
SPRING, Respondent,

v.

Gerald P. JAEGER, et al., Defendants,

BBCA, Inc., Appellant.

No. C2–86–2135.

Court of Appeals of Minnesota.

June 23, 1987.

Timothy D. Clements, Cold Spring, for respondent.

John R. Koch, St. Cloud, for appellant.

Heard, considered and decided by POPOVICH, C.J., and HUSPENI and MULALLY,* JJ.

## OPINION

MULALLY, Judge.

This action was brought under Minn. Stat. § 513.23 to set aside fraudulent trans-

* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn. Const. art. 6, § 2.

fers of property from Gerald Jaeger to Sun Down Co. and from Sun Down to appellant BBCA, Inc. Respondent claimed Gerald Jaeger had fraudulently transferred property, that the transfers were made without fair consideration and with actual intent to hinder, delay, and defraud creditors.

The trial court set aside the disputed transfers and ordered judgment for respondent in the amount of $25,607.17, plus costs, disbursements, and interest. The court ordered the judgment to be paid within 30 days or a sheriff's sale of the property tc be held to satisfy the claim. Appeal is taken from judgment as entered. We affirm.

## FACTS

On August 30, 1982, Gerald Jaeger (Jaeger) obtained an unsecured loan for $15,000 from respondent First National Bank of Cold Spring. On October 18, 1982, Jaeger executed another promissory note to respondent for $5,000. Both loans were renewed approximately one year later, on September 6, 1983 and November 2, 1983, respectively.

At the time the $15,000 note was renewed, Jaeger provided respondent with his financial statement, representing that he owned (among other things) 86 acres of farm land in Stearns County worth $140,-000. At trial, Jaeger testified that he had lived on the property all his life, and had bought it from his father in the early 70's. Jaeger testified that he made his residence in the house on the property, that he'd been raised there, lived there with his wife during their 20–year marriage, and continued to live there with his parents, John and Gertrude Jaeger.

Jaeger testified further that on March 8, 1983, he transferred the property by deed to Sun Down Co. Sun Down is a Minnesota business trust and Jaeger and his sister, Viola Illies were the trustees. Jaeger did not disclose this transfer to respondent.

On September 15, 1983, Jaeger and Illies, as trustees of Sun Down, conveyed the property by deed to appellant BBCA, Inc., reserving a life estate in the homestead to John and Gertrude Jaeger. The deeds

themselves contained the words "the total consideration involved in this transaction is less than $1000." However, the president of BBCA, Joan Noske, testified that the deed was given as collateral for $51,300 in loans previously given to Jaeger and for additional credit which was to be extended thereafter. The loans made to Jaeger were entirely in cash, and were evidenced only by receipts and notes signed by Jaeger individually or by Jaeger for Sun Down.

The trial court found that the transfers from Jaeger to Sun Down and from Sun Down to BBCA were fraudulent and void. The court set aside the transfers and ordered Jaeger to pay $25,607.17 owed respondent within 30 days or have the "land conveyed by such deeds, or as much thereof as may be necessary to satisfy the claim of [the bank] sold by the Sheriff." Appeal was taken directly from entry of that judgment.

## ISSUE

Did the trial court err in setting aside the transfers of real property from Jaeger to Sun Down and from Sun Down to BBCA as fraudulent under Minn.Stat. § 513.23?

## ANALYSIS

The trial court found that the conveyances of real property from Gerald Jaeger to Sun Down, and from Sun Down to BBCA were fraudulent and void, and set them aside pursuant to Minn.Stat. § 513.23. Section 513.23 provides that:

Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

Minn.Stat. § 513.23 (1982). Appellant argues that the trial court erred by: (1) failing to find that the property transferred was exempt from seizure for payment of a debt because it was Jaeger's homestead, and (2) failing to find bad faith or actual intent to defraud on the part of BBCA to

support finding the transfer from Sun Down to BBCA void.

Appellant correctly construes Minnesota's solicitous treatment of the rights of homesteaders when it asserts that an individual's homestead is exempt from seizure or sale for payment of his debts. Section 510.01 states:

> The house owned and occupied by a debtor as his dwelling place, together with the land upon which it is situated to the amount hereinafter limited and defined, shall constitute the homestead of such debtor and his family, and be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing, except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, or for services performed by laborers or servants.

Minn.Stat. § 510.01 (1982). In *First National Bank of Mankato v. Wilson*, 234 Minn. 160, 47 N.W.2d 764 (1951) the court stated:

> Since a homestead is, with few exceptions, exempt from the claims of creditors (§ 510.01) * * *, a conveyance of the homestead cannot be set aside by creditors as fraudulent, even though the debtor conveying the property intends thereby to defraud his creditors.

*Id.* at 163, 47 N.W.2d at 766. *See also Northwest Holding Co. v. Evanson*, 265 Minn. 562, 567, 122 N.W.2d 596, 600 (1963) (conveyance fraudulent as to creditors does not deprive property of homestead exemption); *Sisco v. Paulson*, 232 Minn. 250, 251–52, 45 N.W.2d 385, 387 (1950) (exempt property is not susceptible of fraudulent alienation).

Appellant is also correct that absent a showing of bad faith or actual intent to defraud, a transfer of property as security for a debt is not void even though it renders the grantor insolvent. *Nelson v. Poss*, 172 Minn. 149, 155, 214 N.W. 787, 789 (1927). Section 513.28(2) provides that

> A purchaser who without actual fraudulent intent has given less than a fair consideration for the conveyance or obli-

gation, may retain the property or obligation as security for repayment.

Minn.Stat. § 513.28(2) (1982). There was no finding by the trial court here specifically addressing the issue of actual fraudulent intent on the part of BBCA. Appellant argues that lacking such a finding, BBCA is entitled to the protection of Section 513.-28(2).

However, appellant's argument that the trial court erred by failing to make certain findings suffers from one very serious flaw—it is being raised for the first time on appeal. Appellant did not move for amended findings or for a new trial. Appeal was taken directly from the judgment. Indeed, appellant did not raise the defenses of the homestead exemption and good faith of BBCA in its answer, but only in its post-trial memorandum to the court.

In *Metropolitan Federal Savings and Loan Association v. Adams*, 356 N.W.2d 415 (Minn.Ct.App.1984), the defendant/appellant made no motion for specific findings or a new trial, but appealed directly from the judgment. The trial court had failed to make a finding on the value of a condominium project, apparently because value was not an element in a prima facie case for foreclosure. However, a finding that the project was worth substantially more than the amount bid by the foreclosing bank was essential to the defense theory of exoneration from a second mortgage. Noting that the absence of such a finding undermined the defense arguments, this court provided the following analysis:

> The failure to make findings should be raised before the trial court, and cannot be raised first on appeal. *Nelson v. Nelson*, 291 Minn. 496, 189 N.W.2d 413 (1971). On appeal from a judgment the absence of findings cannot be reviewed unless the absence was brought to the trial court's attention in a motion for a new trial or amended findings. *Antonson v. Ekvall*, 289 Minn. 536, 539, 186 N.W.2d 187, 189–90 (1971). * * * We will not remand this matter for a finding when defendants have not requested a new trial or amended findings below or

on appeal. We also cannot assume facts not found by the trial court as defendants apparently request.

*Id.* at 421.

Here, as in *Adams*, appellant's defense relies on facts which the trial court did not address in its findings. Therefore, the homestead nature of the property in question, as well as the presence or absence of bad faith on the part of BBCA are facts this court may not assume. *Id.* It follows that this court is unable to consider appellant's arguments. *See Collins Truck Lines, Inc. v. Metropolitan Waste Control Commission*, 274 N.W.2d 123, 127 (Minn. 1979) (supreme court on appeal could not consider claim not presented to trial court and as to which no findings were made); *O'Donnell Shoe Co. v. Benson Co-op Mercantile Co.*, 175 Minn. 382, 384, 221 N.W. 426, 427 (1928) (in action tried by the court, an issue upon which court made no finding, upon which the parties requested no findings and assigned no error, presents no question for review). Appellant's failure to properly seek amendment of the trial court's findings or a new trial precludes consideration of the issues as presented by appellant on appeal.

On appeal from a judgment where the appellant has not moved for a new trial, the reviewing court need only determine if the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment. *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976).

In order to set aside a conveyance as fraudulent under § 513.23, it must be shown that (1) the grantor was insolvent either at the time of the conveyance or as a result of it, and (2) that he did not receive fair consideration in exchange for it. *Neubauer v. Cloutier*, 265 Minn. 539, 544, 122 N.W.2d 623, 628 (1963).

Here, there was sufficient evidence to support the trial court's findings that Jaeger either was insolvent before the conveyance or became insolvent as a result of the conveyances of real property from himself to Sun Down and from Sun Down to BBCA. Jaeger repeatedly testified that he had no money at the time of the transfers in question. Indeed, Jaeger testified that he was on welfare during part of this time period.

Likewise, the evidence strongly supports the court's finding that the transfers were made without a fair consideration. Section 513.22 defines fair consideration:

Fair consideration is given for property, or obligation,

(1) When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or

(2) When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained.

Minn.Stat. § 513.22 (1982). The evidence here showed that *nothing* was given by Sun Down in exchange for the transfer of the real property. The deeds from Jaeger to Sun Down and Sun Down to BBCA stated "the total consideration involved in this transaction is less than $1000." In addition, while appellant claimed to have accepted the deed from Sun Down as security for Jaeger's past and future indebtedness, the amount of total indebtedness was shown to be no more than $51,300, and the transferred property was shown to be valued in excess of $135,000.

There is also support for the trial court's finding of actual intent to defraud, hinder and delay creditors. The evidence showed that even though Jaeger had conveyed the property to Sun Down on March 8, 1983, he subsequently represented himself as the true owner of the property in a financial statement provided to the bank on September 6, 1983, when he renewed the $15,000 note.

Having found insolvency and lack of fair consideration, the court was justified in setting aside the transfers as fraudulent under § 513.23.

## DECISION

Under the limited scope of review presented by this appeal, we find the trial court did not err in setting aside the transfers of property as fraudulent.

Affirmed.