*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2006**

In re the Marriage of: Tamara Eileen Goemaat, petitioner,
Respondent,

vs.

Andrew Joel Goemaat,
Appellant.

**Filed August 24, 2015
Affirmed
Hooten, Judge**

Olmsted County District Court
File No. 55-FA-10-8809

Carl F. Anderson, Rochester, Minnesota (for respondent)

David L. Liebow, Restovich Braun & Associates, Rochester, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Peterson, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

On appeal from the district court's denial of his custody modification and contempt motion, appellant argues that the district court erred by denying his custody modification motion without an evidentiary hearing and by denying his contempt motion because appellant failed to schedule a show-cause hearing. We affirm.

**FACTS**

Appellant Andrew Joel Goemaat and respondent Tamara Eileen Goemaat were married on September 2, 2000. Appellant and respondent are the parents of three minor children. On November 10, 2010, respondent filed a petition for dissolution of the parties' marriage. After extensive litigation, the parties entered a mediated settlement agreement establishing custody and parenting time regarding their minor children, which was memorialized by the district court as part of a bifurcated judgment and decree on February 20, 2013. Among other things, this judgment provided that the parties would share joint legal custody, "mean[ing] that both parents have equal rights and responsibilities in major decisions determining their children's upbringing, including education, health care and religious indoctrination." After holding a five-day trial, the district court entered another judgment and decree addressing the remaining issues in the dissolution proceeding on May 21, 2013.

On March 6, 2014, appellant moved the district court to: (1) modify the February 2013 judgment and decree "to incorporate clarifying provisions and standard child custody and parenting time provisions" and prohibit the parties from having "unrelated person[s] of the opposite sex" stay overnight in the same residence as the children; (2) schedule an evidentiary hearing on the issue of modifying the parties' custody arrangement; (3) order respondent or both parties to undergo a psychological or psychiatric evaluation; and (4) hold respondent in contempt for violating the custody provisions in the February 2013 judgment and decree and property distribution in the May 2013 judgment and decree. Appellant later clarified to the district court that he was

seeking sole physical and sole legal custody in his motion. In support of his motion, appellant attached an affidavit alleging various violations by respondent of the physical and legal custody portions of the February 2013 judgment and decree. Among other things, appellant claimed that respondent violated the custody order by frivolously requesting orders for protection (OFPs) against appellant, making unsubstantiated complaints of child abuse, frequently contacting law enforcement to supervise exchanges of the minor children, choosing daycare providers for the parties' youngest son without appellant's consent, both signing another son up for Cub Scouts and then pulling him out of the program without appellant's consent, unilaterally making healthcare decisions for the children, and bringing the children to stay overnight at her boyfriend's house, which led appellant to believe that respondent was going to relocate to that residence. He also alleged that respondent had failed to return to him certain nonmarital furniture as required by the May 2013 judgment and decree.

The district court initially set the matter for a motion hearing on March 20, but then cancelled that hearing and instead scheduled an evidentiary hearing for May 6. At the May 6 hearing, the parties did not formally present evidence, testimonial or otherwise, regarding appellant's motion. Rather, appellant's counsel suggested that the district court first needed to hold a "first stage hearing" to resolve any pre-hearing issues in relation to the motion, including whether appellant had made the threshold showing for an evidentiary hearing. The district court agreed and, after informally questioning the parties regarding the allegations in appellant's motion affidavit, directed the parties to submit supplemental briefing on the legal standard applicable to appellant's request for

3

an evidentiary hearing on his custody modification motion. The district court further indicated that upon a request by appellant's counsel, it could schedule oral argument on the issue of whether appellant had sufficiently presented a prima facie case for custody modification. The district court also directed respondent to file a responsive affidavit to appellant's motion.

Respondent filed her responsive affidavit on May 14, and soon thereafter the parties each filed supplemental letter briefs. On October 1, appellant further moved the district court for the appointment of a custody evaluator, the establishment of a scheduling order for pre-hearing deadlines and the evidentiary hearing, and modification of appellant's child support obligation. Respondent moved for denial of this motion in its entirety.

On October 15, the district court held another hearing on these pending motions. The parties focused their arguments on appellant's motion for a custody evaluation and did not further address the issue of the prima facie threshold for an evidentiary hearing on custody modification or appellant's contempt motion. At the hearing, the district court noted that even though it had invited appellant's counsel to schedule oral argument on the issue of whether appellant had presented sufficient evidence to establish a prima facie case for modification, appellant had failed to do so. The district court indicated that an order on the issues addressed at the May 6 hearing would be forthcoming.

The district court filed its order on October 21. Noting that the parties had reached an agreement on an issue regarding parenting time exchanges and that the youngest of the parties' children had started all-day kindergarten, the district court concluded that the

portion of appellant's motion seeking modification of physical custody was no longer relevant. Regarding appellant's claim for modification of legal custody, the district court concluded that his claims were insufficient to establish a prima facie case that modification of legal custody would be in the best interests of the parties' minor children. The district court further denied appellant's motion to have respondent held in contempt because appellant "never scheduled a show cause hearing on his motion" as required by civil contempt caselaw. This appeal followed.

### D E C I S I O N

### I.

Appellant first challenges the district court's denial, without an evidentiary hearing, of his motion to modify legal custody under the prior custody order. Typically, a party moving to modify a prior custody order may prevail if he or she shows: (1) that a change has occurred in the circumstances of the child or the parties; (2) that a modification would serve the best interests of the child; (3) that the child's present environment endangers her physical or emotional health or emotional development; and (4) that the harm to the child likely to be caused by the change of environment is outweighed by the advantage of the change. Minn. Stat. § 518.18(d)(iv); *see In re Weber*, 653 N.W.2d 804, 809 (Minn. App. 2002). However, "[i]n deciding whether to modify a prior joint custody order, the court shall apply the standards set forth in paragraph (d) *unless* . . . the parties agree in writing to the application of a different standard." Minn. Stat. § 518.18(e) (2014) (emphasis added). In the February 2013 judgment and decree setting forth the parties' custody arrangement, the district court noted the parties'

5

agreement that "future modification of custody . . . shall be based on a best interest[s] standard found at [section] 518.17, rather than the endangerment standard[] found at 518.18(d)." This statutory best-interests standard provides 13 factors used in assessing whether an action is in the best interests of the child, with an additional four factors that are considered "where either joint legal or joint physical custody is contemplated or sought." Minn. Stat. § 518.17, subds. 1(a), 2(b) (2014).

The parties disputed before the district court whether this application of the section 518.17 best-interests standard still required appellant to make a prima facie case under the standards set forth in section 518.18(d). The district court concluded that the parties' stipulation to use section 518.17 "supplant[ed] all of the standards of [section] 518.18(d)" and that appellant therefore needed to make a prima facie showing only that modification was in the best interests of the parties' minor child to obtain an evidentiary hearing. As the parties agree on appeal with the district court's determination that only the best-interests standard under section 518.17 is applicable in this case, the issue before this court is whether appellant made a sufficient prima facie showing under section 518.17 to receive an evidentiary hearing on his modification motion.

District courts are required to hold an evidentiary hearing on a motion for modification of custody if the party seeking modification makes a prima facie case for modification. *See Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008). On appeal from a district court's denial, without an evidentiary hearing, of a motion to modify custody, this court makes three determinations. *Boland v. Murtha*, 800 N.W.2d 179, 185 (Minn. App. 2011). "First, we review de novo whether the district court

6

properly treated the allegations in the moving party's affidavits as true, disregarded the contrary allegations in the nonmoving party's affidavits, and considered only the explanatory allegations in the nonmoving party's affidavits." *Id.* Second, we review the district court's determination of whether the moving party has made a prima facie case for the modification for an abuse of discretion. *Id.* Finally, whether the district court properly determined the need for an evidentiary hearing is reviewed de novo. *Id.*

Appellant first argues that the district court erred by "granting" appellant an "evidentiary" hearing on May 6 and later denying him an evidentiary hearing in its October 21 order. Appellant claims that by scheduling and then canceling a motion hearing, followed by its scheduling of the May 6 "evidentiary" hearing before respondent filed a responsive motion, the district court made an "implicit finding" that appellant's allegations "were sufficient not only to make a prima facie showing for modification of custody, but . . . were so strong that no response by [r]espondent could possibly negate that showing." In support of his argument, appellant cites *Harkema v. Harkema*, in which this court held that "[w]here the [district] court has issued an order for an evidentiary hearing, it cannot then sua sponte deny the evidentiary hearing without first giving the parties a chance to argue the case." 474 N.W.2d 10, 13 (Minn. App. 1991).

We are not persuaded. In *Harkema*, the district court denied an evidentiary hearing after it had *already found* that the movant had alleged a change in circumstances and that a custody change would serve the children's best interests, and had thus ordered an evidentiary hearing before later cancelling it. *Id.* at 13–14. Here, there was no district court ruling that the prima facie case threshold had been met before its scheduling of the

May 6 "evidentiary" hearing—rather, the district court simply issued a notice of an "evidentiary" hearing. At that hearing, it was *appellant's* counsel that raised the issue of having a "threshold hearing" before an evidentiary hearing could be held. The district court then ordered the parties to submit briefing on the legal standard that needed to be met in order for the district court to hold an evidentiary hearing, and it further invited appellant's counsel to schedule oral argument on the issue of whether appellant had presented sufficient evidence to establish a prima facie case for modification. The parties submitted the requested briefing, but appellant failed to schedule oral argument. Nothing in this record supports appellant's assertion that the district court's initial decision to schedule what it called an "evidentiary" hearing was, in fact, an "implicit" ruling that an evidentiary hearing was warranted when appellant's counsel himself noted at that very hearing that the district court needed to rule on the threshold issue, and the district court then did so.

Appellant further argues that the district court erred by determining that his allegations failed to make a prima facie case to modify legal custody. The district court ruled that appellant had failed to make a prima facie case for several reasons: (1) allegations relating to one of the children's participation in Cub Scouts, and an OFP filing which stemmed therefrom, occurred prior to the February 2013 judgment and decree and were therefore "moot"; (2) many of his allegations were too vague and unsubstantiated to support modification; (3) the allegation relating to daycare was deemed to be irrelevant because respondent's investigation of a potential daycare provider was not a violation of the custody order; and (4) that the remaining allegations

8

failed to show that a modification of the custody order would be in the children's best interests, as required by section 518.17, subdivision 1. We review the district court's determination as to whether a prima facie case exists for an abuse of discretion. *Boland*, 800 N.W.2d at 185. A district court abuses its discretion "by making findings unsupported by the evidence or by improperly applying the law." *In re M.R.P.-C.*, 794 N.W.2d 373, 378 (Minn. App. 2011) (quotation omitted).

Appellant asserts that the district court "badly misconstrued" the evidence and "elevate[d] form over substance" by failing to grant an evidentiary hearing given appellant's general claim that the actions of respondent had "consistently endangered" his children's emotional health, their relationship with appellant, and their "overall well-being by putting them in the middle of the issues" between appellant and respondent. But, appellant does not demonstrate how this conclusory assertion is supported by the remaining allegations that he raised in his affidavit.

First, the district court must deny an evidentiary hearing when the allegations raised by the movant are conclusory, vague, or otherwise unsupported. *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 292 (Minn. App. 2007); *see also Axford v. Axford*, 402 N.W.2d 143, 145 (Minn. App. 1987) ("Appellant's affidavit was devoid of allegations supported by any specific, credible evidence."). For example, the district court found that the custody order was not violated by respondent's actions in taking one of the children to visit a daycare provider. Appellant claims that this finding is erroneous because his affidavit conclusively established that respondent "unilaterally enrolled the parties' child in a new daycare" in violation of the order. However, the district court may refer to the

9

explanations provided by respondent in her responsive affidavit if they do not conflict with appellant's allegations. *Boland*, 800 N.W.2d at 185. Appellant alleged that he had questioned the daycare provider and that she had told him that his child "was to start with her the following day." In her affidavit and an affidavit from the daycare provider, respondent clarified that the child was going there the next day for a trial visit before the child formally enrolled at the daycare, and that the daycare provider cancelled that visit after being visited by appellant. Based on the context provided by respondent's affidavit, the record supports the district court's finding that respondent merely investigated the daycare provider and did not violate the joint custody order.

A number of appellant's other allegations were similarly tenuous and based on appellant's "belie[f]" that respondent was taking certain actions, such as removing the oldest child from Cub Scouts, "attempting to shut [appellant] out of" making healthcare decisions for the youngest child, and moving in permanently with her new partner. Appellant claims that the district court erred by failing to treat these allegations as true, because it characterized these allegations as "purely speculative" or supported by "no evidence whatsoever." But, earlier in the order, the district court correctly indicated that it accepted appellant's allegations as true and provided a detailed summary of each of appellant's allegations. Then, in analyzing the sufficiency of the allegations to make a prima facie showing, the district court was entitled to refer to responsive affidavits for context. *Boland*, 800 N.W.2d at 185. Even taking appellant's allegations as true, respondent's affidavit provided additional context that supported the district court's finding that, on this record, these allegations were vague and conclusory.

The district court also did not err by failing to consider appellant's allegation regarding an altercation between the parties at a Cub Scouts meeting in early 2013. The district court found that this incident occurred after the parties reached an agreement regarding joint custody but before the district court entered its judgment and decree regarding custody. Appellant argues that consideration of these facts would be allowed if the parties were proceeding under section 518.18(d) and that these facts should have been considered under the parties' stipulated best-interests standard. But, appellant is incorrect: under Minn. Stat. § 518.18(d), the moving party must show a change in circumstances that "occurred *since* the original custody order; it cannot be a continuation of conditions existing prior to the order." *Geibe*, 571 N.W.2d at 778 (emphasis added). Moreover, as found by the district court, appellant "had ample opportunity to raise these issues prior to the entry of" the February 2013 judgment and decree. To the extent appellant sought modification based on conduct that occurred before the order he now wishes to modify, the record supports the district court's determination that it could not consider these allegations.

The district court determined that appellant "fail[ed] to establish on a preliminary basis—or even argue—that modifying the joint legal custody order on the basis of these allegations to grant [appellant] sole legal custody would be in the children's best interests." This determination is supported by the record. Even assuming that respondent did violate the parties' joint legal custody arrangement by making some unilateral decisions regarding the children's healthcare and childcare, appellant does not specifically allege how it would accordingly be in the children's best interests to end the

11

parties' joint custody arrangement and award him sole legal custody.  On this record, we cannot say that the district court abused its discretion in denying appellant's request for an evidentiary hearing on his custody modification motion.[1]

## II.

Appellant further argues that the district court abused its discretion by refusing to hold respondent in civil contempt of court for allegedly violating both the custody order and a provision in the final judgment and decree that awarded appellant certain items of nonmarital household furniture.  The district court denied the portion of the contempt motion pertaining to nonmarital property because appellant failed to specify the property in his affidavit and because the trial exhibit upon which he based his claim, consisting of his handwritten notes, had been destroyed.  The district court denied the remainder of

[1] Appellant also asserts that the district court erred by failing to address his allegations concerning respondent's alleged conduct in contacting law enforcement, filing OFP petitions, and submitting child protection complaints about appellant.  The district court expressly noted in its order that, because the parties had resolved the physical custody portion of appellant's motion, it would only be addressing appellant's allegations concerning respondent's violations of the joint legal custody order, which appellant placed in his motion affidavit under the heading "Joint Legal Custody."  At best, the affidavit was unclear whether the other allegations therein applied only to the physical custody portion of his motion or also applied to appellant's legal custody argument.  Parties have an affirmative obligation to clearly explain to a court the relief they seek and upon what basis they seek that relief.  *Cf. Antonson v. Ekvall*, 289 Minn. 536, 538–39, 186 N.W.2d 187, 189 (1971) (holding that a claim was not before the district court when "the pleadings were general enough to have possibly made out a claim on that theory, [but] there was no language in the complaint that would alert anyone to a claim" based on that theory).  And, given that many of these allegations predate the February 2013 judgment and decree and mainly concern respondent's supposed pattern of making unsubstantiated complaints of domestic abuse by appellant, which does not appear to impact the best interests of the children, it is clear that remand of this issue to the district court would not lead to a different result.  *Cf. Grein v. Grein*, 364 N.W.2d 383, 387 (Minn. 1985) (refusing to remand when the record made clear that the district court would comport with the statutory language in further proceedings).

appellant's contempt motion because appellant "never scheduled a show cause hearing on his motion," as required by *Mower Cnty. Human Servs. v. Swancutt*, 551 N.W.2d 219, 223 (Minn. 1996). We review a district court's use of contempt powers for an abuse of discretion, *In re Welfare of J.B.*, 782 N.W.2d 535, 538 (Minn. 2010), and give de novo review to its interpretation of statutes and procedural rules, *In re Conservatorship of Smith*, 655 N.W.2d 814, 817 (Minn. App. 2003).

Several requirements must be met in order for the district court to hold a party in civil contempt, including "a hearing, after due notice, to give the nonperforming party an opportunity to show compliance or the reasons for failure." *Mower Cnty.*, 551 N.W.2d at 223. Appellant acknowledges that the district court correctly cited these requirements, but contends that the district court wrongly required him to schedule a "show cause hearing" as opposed to an ordinary motion hearing.

Appellant is correct that an order to show cause is not specifically required under the contempt statute or the relevant general rules of practice. *See* Minn. R. Gen. Pract. 309.01(a) ("Contempt proceedings shall be initiated by notice of motion and motion or by an order to show cause . . . ."); *see also* Minn. Stat. § 588.04(a) (2014) (providing that a contempt proceeding may be initiated "upon notice, or upon an order to show cause"). But, the law does require that a hearing be held at which "[t]he alleged contemnor . . . appear[s] in person before the court to be afforded the opportunity to respond to the motion for contempt by sworn testimony." Minn. R. Gen. Pract. 309.02; *see* Minn. Stat. § 588.09 (2014) (providing that, at a contempt hearing, the district court "shall investigate the charge by examining the person and the witnesses for and against the person").

13

We construe the district court's reference to the lack of a "show cause hearing" to be a determination that *no* contempt hearing had taken place. The record supports this determination. Although appellant's March 6 notice of motion and motion clearly indicated that appellant requested that the district court schedule a hearing on his motion for March 20, the district court cancelled that hearing and scheduled the May 6 "evidentiary" hearing in its place. From this point forward, appellant's counsel never again raised the issue of a *contempt* hearing with the district court after appearing at the May 6 hearing and requesting that the district court first consider the threshold issue regarding his custody modification motion. While the issue of whether an evidentiary hearing should be held was discussed at length by counsel and the district court regarding custody modification, the record supports the district court's finding that appellant "did not raise the contempt portion of his motion . . . at the hearing." He further failed to request a contempt hearing at any point after this hearing or during another motion hearing that was held before the district court on October 15.

On appeal, appellant does not claim that he attempted to schedule another contempt hearing or that either of the hearings held by the district court after his motion were sufficient to satisfy the hearing requirement of a contempt motion; rather, he asserts that, given this sequence of events, "it is nearly unfathomable to hold [him] responsible for having failed to schedule enough hearings." But, appellant cites no authority providing that it is the responsibility of the *district court* to ensure that a proper hearing, with notice to the accused contemnor, is held after a party moves for contempt. Accordingly, we deem this argument waived. *See In re Estate of Rutt*, 824 N.W.2d 641,

14

648 (Minn. App. 2012) ("An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection." (quotation omitted)), *review denied* (Minn. Jan. 29, 2013). It was not an abuse of discretion for the district court to decline to hold respondent in contempt when the contempt hearing required by statute, rule, and caselaw had not been held.

Moreover, appellant's motion for contempt regarding the alleged non-return of his nonmarital property was inadequately supported in his motion and affidavit. The rules require that a contempt motion and affidavit specify "the alleged failures to comply," Minn. R. Gen. Pract. 309.01(b), and appellant's affidavit fails to specify what nonmarital furniture was allegedly not returned to him. As noted by the district court, the trial exhibit evidencing this property was destroyed on September 19, 2013. Therefore, we conclude that the district court did not abuse its discretion by denying appellant's contempt motion.

**Affirmed.**